COBB, Judge.
Appellant was tried by a jury and convicted of two counts of sexual battery committed upon two girls eleven years of age or younger in violation of section 794.011(2), Florida Statutes (1975). The jury returned two verdicts of guilty and rendered an advisory sentence of life imprisonment. The trial court imposed a sentence of death.
Appellant appealed to the Florida Supreme Court where he contended, relying upon Coke v. Georgia,[1] that the punishment of death for the crime of rape was disproportionate to the crime and, therefore, unconstitutional. The Florida Supreme Court did not decide the issue of whether death is a permissible punishment for child rape, but did vacate the sentence *1257 of death on the ground that the facts did not warrant imposition of a sentence of death in the face of the jury’s recommendation of life imprisonment. The Florida Supreme Court affirmed both judgments of conviction and “remanded [the case] to the trial court with directions to vacate the sentence of death and to impose two separate sentences of life imprisonment.” Shue v. State, 366 So.2d 387 at 391 (Fla.1978).
In accordance with the directions of the Florida Supreme Court, a resentencing hearing was held by the trial court. At the hearing, defense counsel moved for a continuance on the ground that he had just met the appellant for the first time and had not had time to confer with him. The trial court denied the motion on the ground that there was no discretion as to the resentence, since the trial court was only following the mandate of the Florida Supreme Court. Defense counsel then raised two points pri- or to the imposition of the resentence. . He argued that since one of the victims was eleven years and some months old at the time of the offense, that she was not “eleven years of age or younger” and, therefore, the appellant could not be subjected to the twenty-five year mandatory minimum sentence on that count.[2] He also contended that any consecutive sentencing would be an illegally enhanced punishment. The trial court then resentenced the appellant to two consecutive life sentences with the twenty-five year mandatory minimum applicable to each. Appellant appeals his re-sentence.
Appellant’s contention that the state did not prove that one of the victims was not “eleven years of age or younger” has been waived by the appellant’s failure to raise this issue on his direct appeal. Likewise, we find appellant’s contention that he is being subjected to an illegally enhanced punishment to be without merit.
However, we believe that the trial court did have discretion to impose either two consecutive life sentences or two concurrent life sentences. A defendant is enti-tied to be represented by counsel at the time of sentencing. Evans v. State, 163 So.2d 520 (Fla. 2d DCA 1964); Langlois v. State, 191 So.2d 284 (Fla. 3d DCA 1966). This right to counsel includes the right to confer with that counsel. See Cash v. Colver, 120 So.2d 590 (Fla.1960). Since a conference between the appellant and his attorney may have given rise to arguments that could have been presented to the trial court as to why the appellant should have been given two concurrent life sentences as opposed to two consecutive life sentences, he should have been afforded that opportunity.
We therefore remand this case to the trial court for a resentencing to be held after the appellant has been given an opportunity to confer with his attorney. Nothing in this opinion prohibits the trial court from again resentencing the appellant to two consecutive life sentences with the twenty-five year mandatory minimum applicable to each.
The case is remanded with directions to vacate the sentence and to impose a new sentence in conformity with this opinion.
REMANDED for resentencing.
DAUKSCH, C. J., and FRANK D. UP-CHURCH, Jr., J., concur.

. 433 U.S. 584, 97 S.Ct. 2861, 52 L.Ed.2d 982 (1977).

. See State v. Carroll, 378 So.2d 4 (Fla. 4th DCA 1980).