THOMPSON, Judge.
Jefferson appeals the sentence imposed pursuant to her conviction for manslaughter, contending that there was no credible proof beyond a reasonable doubt to support the trial court’s reasons for exceeding the sentence recommended by the sentencing guidelines. We affirm.
Jefferson entered a guilty plea to an information charging her with manslaughter in the beating death of her 21 month old daughter. She was sentenced the first time in August of 1985. At that time the trial judge exceeded the three to seven year recommended guideline sentence and imposed a fifteen year sentence. The judge gave as reasons for departing from the recommended guideline sentence: (1) the recommended sentence trivialized the value of human life, (2) the defendant betrayed her infant daughter’s reliance on her for love and protection, (3) the beating inflicted on the victim was savage and brutal, and (4) had the defendant promptly sought medical help the child might have survived. Jefferson appealed the sentence and in Jefferson v. State, 489 So.2d 860 (Fla. 1st DCA 1986) this court reversed and remanded for resentencing, finding that reasons one and four were invalid.
On remand the judge again sentenced the defendant to fifteen years, giving as *34 reasons for the departure the original reasons two and three which had been held valid by this court. Apparently recognizing that the prior decision of this court established the law of the case as to the validity of reasons two and three, Jefferson does not question the validity of those reasons in this appeal. Instead, she contends that the trial court erred in imposing a sentence exceeding the guidelines because there was no credible proof beyond a reasonable doubt that she intentionally abused her position of familial authority by committing the crime upon her daughter or that she used excessive force to commit the crime of manslaughter. In the instant appeal Jefferson cannot raise any issues which either were or could have been raised on her prior appeal. U.S. Concrete Pipe Company v. Bould, 437 So.2d 1061 (Fla.1983); Shue v. State, 386 So.2d 1256 (Fla. 5th DCA 1980). The law of the case doctrine precludes this court from reconsidering the sufficiency of the evidence supporting the trial court’s determinations that defendant abused her position of familial authority and used excessive force. If these issues could be considered, we would find that there is ample credible evidence to support both of the reasons given by the trial judge for exceeding the maximum recommended guidelines sentence. The sentence is therefore AFFIRMED.
SHIVERS and ZEHMER, JJ., concur.