GOSHORN, Judge.
Harold B. Cartwright appeals the order revoking his probation and the sentence imposed pursuant to that order. We affirm the revocation order but reverse the sentence imposed and remand for resen-tencing.
On appeal, Cartwright first urges that the court erred by requiring him to proceed without counsel at his violation of probation hearing. At the hearing on Cartwright’s violation of probation, Cartwright stated that it was his understanding that private counsel was “talked to yesterday and that he [the attorney] was supposed to *785 be here in court this morning”. Cartwright did not represent that he had hired an attorney, instead he informed the court that he wanted to hire private counsel. Cartwright then refused the trial court’s offer to appoint a public defender to represent him. The state attorney pointed out that this was the third hearing date which had been set. The record reflects that at least one of the previously set hearings was continued upon Cartwright’s representation that he would employ a private attorney. Because the hearing had already been continued twice, the trial court elected to proceed.
We recognize that in the absence of an informed waiver, a defendant subject to a probation revocation has a right to counsel at the hearing. State v. Hicks, 478 So.2d 22 (Fla.1985); Shue v. State, 386 So.2d 1256 (Fla. 5th DCA 1980). Subjudi-ce, however, Cartwright had more than nine months after the date of his arrest for the violation of probation in which to obtain a private attorney. Neither at the hearing nor now on appeal does Cartwright make any representation that he had actually employed private counsel.
The State contends that defendant’s right to obtain private counsel is not a license to delay proceedings and waste the trial court’s time. We agree. Both the State and the defendant are entitled to orderly and timely proceedings. See Jones v. State, 449 So.2d 253 (Fla.1984), cert. denied, 469 U.S. 893, 105 S.Ct. 269, 83 L.Ed.2d 205 (1984). We hold that Cartwright has waived his right to counsel because (1) he had over nine months to hire private counsel, if he so desired; (2) he does not represent that he did so; (3) his violation of probation case had been continued on two previous occasions and on at least one of the occasions Cartwright represented he would employ a private attorney, and; (4) Cartwright refused the appointment of the public defender.
As proof of the violation of probation, the State offered in evidence a certified copy of Cartwright’s conviction for armed robbery in Marion County. Cartwright presented no evidence. The State concedes that no evidence was offered to prove that Cartwright was in Marion County without the consent of his probation officer. Consequently, the order of revocation of probation is corrected to delete the reference to an alleged violation of condition 3, which required that the defendant not leave his county of residence without the permission of his probation officer. See Bogan v. State, 502 So.2d 1341 (Fla. 2d DCA 1987) (It is error for an order of revocation of probation to reflect that defendant was found guilty of three violations where the State presented evidence which supported only one of the violations).
At the conclusion of the hearing Cartwright’s probation was revoked and he was sentenced to the Department of Corrections for 20 years. The State also concedes this is error because the statutory maximum sentence for the two second degree felonies for which the defendant was being sentenced is 15 years. Where the guidelines sentence “exceeds the maximum sentence provided by statute for that offense, the statutory maximum sentence should be imposed.” Fla.R.Crim.P. 3.701(d)(10); Stamper v. State, 528 So.2d 1323 (Fla. 5th DCA 1988).
Order of Revocation AFFIRMED as corrected; Sentence REVERSED; and REMANDED.
COBB and W. SHARP, JJ., concur.