DIAMANTIS, Judge.
Shane Anderson appeals the sentence which was imposed by the trial court after he pled guilty to violating his probation. We vacate appellant’s sentence and remand this matter for further proceedings consistent with this opinion.
Appellant pled nolo contendere to the charge of aggravated assault.[1] The trial court entered judgment on appellant’s plea and then sentenced him to a probationary split sentence of 24 months incarceration followed by three years probation. Appellant later pled guilty to violating his probation and was sentenced to a term of 5 ¥2 years incarceration.
We first hold that appellant’s sentence must be reversed because it is a departure from the sentencing guidelines for which the trial court failed to provide written reasons. Appellant was convicted of committing an aggravated assault in violation of section 784.021 of the Florida *291 Statutes (1987). In calculating appellant’s category 4 scoresheet[2] the trial court concluded that appellant fell within the second cell with a total of 144 points. The recommended sentencing range in the second cell is community control or 12 to 30 months incarceration. The permitted range is any nonstate prison sanction or community control or 1 to 3V2 years incarceration.[3] Also, because this was a violation of probation the trial court was permitted to sentence appellant within a one cell bump-up. The recommended range in the third cell is 2½ to 3V2 years incarceration and the permitted range is community control or 1 to 4V2 years incarceration. The trial court departed, however, from all of these recommended sentencing guidelines and sentenced appellant to a term of 5V2 years incarceration. The court did not provide any reasons (written or oral) to justify departure. The trial court’s failure to enter written reasons for departing from the sentencing guidelines requires reversal and, on remand, the trial court may not depart from the sentencing guidelines. Pope v. State, 561 So.2d 554 (Fla.1990).
We also hold that the sentence imposed by the trial court is illegal because it exceeds the statutory maximum sentence permitted for a conviction for aggravated assault, a felony of the third degree. Section 775.082(3)(d) of the Florida Statutes (1987) states that a person convicted of a felony of the third degree may be punished by a term of imprisonment not exceeding five years. Because appellant’s sentence of 5½ years imprisonment exceeds the statutory maximum, the sentence is illegal. See Cartwright v. State, 565 So.2d 784 (Fla. 5th DCA 1990).
Appellant’s sentence is vacated and this cause is remanded for resentencing within the guidelines and in accordance with the limitation set forth in Franklin v. State, 545 So.2d 851 (Fla.1989).
Sentence VACATED; cause REMANDED.
GOSHORN, C.J., and COWART, J., concur.

. § 784.021, Fla.Stat. (1987).

. See Fla.R.Crim.P. 3.988(d).

. Because appellant committed this offense after July 1, 1988, sentencing within the permitted range is authorized. See Washington v. State, 564 So.2d 168, n. 1 (Fla. 5th DCA 1990).