698 So.2d 376 (1997)
Johnny Wayne NICEWONDER, Appellant,
v.
STATE of Florida, Appellee.
No. 97-0626.
District Court of Appeal of Florida, First District.
August 26, 1997.
Appellant, pro se.
Robert Butterworth, Attorney General, Trisha E. Meggs, Assistant Attorney General, Tallahassee for Appellee.
ALLEN, Judge.
The appellant challenges an order by which his Florida Rule of Criminal Procedure 3.800(a) motion to correct an illegal sentence was denied for the expressed reason that the appellant's sentence had been affirmed on appeal to this court. Although we affirm the order because the trial court *377 properly denied relief on the appellant's motion, the reason for the denial should have been that the appellant failed to allege in his motion facts sufficient to assert that the sentence was "illegal" under decisions such as King v. State, 681 So.2d 1136 (Fla.1996), Davis v. State, 661 So.2d 1193 (Fla.1995), and State v. Callaway, 658 So.2d 983 (Fla.1995), or that the sentence had been imposed in reliance upon a scoresheet which contained an error apparent from the face of the record. See Baldwin v. State, 679 So.2d 1193 (Fla. 1st DCA 1996). The affirmance of a sentence in an appeal precludes a subsequent 3.800(a) claim under the law of the case doctrine only if the record reflects that the appellate court actually decided precisely the same claim in the appeal. See Raley v. State, 675 So.2d 170 (Fla. 5th DCA 1996); see also Bedford v. State, 633 So.2d 13 (Fla.1994). Because the record in this case does not indicate that this court decided in the appeal the same claim the appellant subsequently presented in his 3.800(a) motion, our affirmance of the sentence did not preclude the 3.800(a) motion under the law of the case doctrine.
The order is affirmed.
MINER and PADOVANO, JJ., concur.