700 So.2d 95 (1997)
Donald BALDWIN, Appellant,
v.
STATE of Florida, Appellee.
No. 96-01684.
District Court of Appeal of Florida, Second District.
October 3, 1997.
*96 James Marion Moorman, Public Defender, and Amy Porinchak Thornhill, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Tracy L. Martinell, Assistant Attorney General, Tampa, for Appellee.
BLUE, Acting Chief Judge.
Donald Baldwin appeals his resentencing following a reversal and remand on appeal. He contends that the trial court erred at his resentencing by failing to require the State to provide proof of his prior convictions. We agree with his contention and accordingly, reverse and remand for resentencing.
When a defendant challenges the accuracy of prior convictions included on his sentencing guidelines scoresheet, the State is required to produce competent evidence to support those convictions. See Watson v. State, 591 So.2d 951 (Fla. 2d DCA 1991). When Baldwin voiced his challenge the State alleged it was unable to corroborate the challenged convictions because the records had been destroyed. The trial court determined that Baldwin was barred from challenging the prior convictions because he had not challenged them at his original sentencing. The court then imposed a legal sentence under a scoresheet that included the challenged convictions. If the points for the challenged convictions are removed, Baldwin falls into a lower permitted sentence range and the imposed sentence would be an upward departure from the guidelines.
We agree with Baldwin's argument that he was entitled to a de novo sentencing hearing. Further, we conclude that the trial court improperly applied the doctrine of laches. That doctrine requires an inordinate delay on the part of the moving party, and that the State must be prejudiced by this delay. See Simmons v. State, 485 So.2d 475 (Fla. 2d DCA 1986). A timely-filed, successful appeal is not "inordinate delay" by an appellant. The record does not contain any proof of inordinate delay by Baldwin.
Because there was insufficient evidence to show that the delay and the destruction of the records was caused by Baldwin, the trial court erroneously excused the State from complying with its responsibility of proving Baldwin's challenged prior record. Accordingly, we reverse and remand for resentencing. At resentencing, if the State is unable to corroborate Baldwin's challenged prior record, he shall be resentenced under a new scoresheet.
Reversed and remanded for resentencing.
FULMER and WHATLEY, JJ., concur.