STONE, Chief Judge.
We affirm Appellant’s conviction, but reverse the sentence for scoresheet error and remand for resentencing. Points were added to the sentencing scoresheet for Appellant’s being under legal constraint. This is not a valid basis for scoresheet enhancement because Appellant was not under constraint at the time of the offense. Florida Rule of Criminal Procedure 3.701(d)(6) provides that, “[ljegal status points are to be assessed where these forms of legal constraint existed at the time of the commission of offenses scored as primary or additional offenses at conviction.” The record reflects that the only basis for assessing legal status points was the issuing and serving of a capias in this case for her being late to court.
The court also added points to Appellant’s sentencing calculation based on several of her prior convictions. Appellant contends that the court erred by assessing sentencing points for three of her' prior convictions because those charges were not adjudicated until after she committed the offenses in the instant case. Florida Rule of Criminal Procedure 3.701(d)(5) defines prior record as “any past criminal conduct on the part of the offender, resulting in conviction, prior to the commission of the primary offense.”
The Florida Supreme Court has recognized that “prior record” includes any prior offense notwithstanding that a conviction was not obtained until after the primary offense was committed. See Thorp v. State, 555 So.2d 362 (Fla.1990). Thus, the trial court was correct in assessing points for prior convictions which were committed before the instant offense, but were adjudicated after the instant offense was committed.
However, it appears on the face of the PSI report that one of Appellant’s “prior convictions” was committed on March 26, 1994, seven days after the instant offenses were committed. On remand, the trial court should not assess additional points for this conviction unless it can confirm that this offense was, in fact, committed prior to Appellant’s primary offenses.
As to all other issues, we affirm.
DELL and STEVENSON, JJ., concur.