717 So.2d 65 (1998)
Erol VURAL, Appellant,
v.
The STATE of Florida, Appellee.
No. 97-2137.
District Court of Appeal of Florida, Third District.
July 8, 1998.
Rehearing Denied October 1, 1998.
*66 Mel Black, Miami, for appellant.
Robert A. Butterworth, Attorney General, and Michael J. Neimand, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., LEVY, J., and DAUKSCH, Associate Judge.
DAUKSCH, JAMES C., Associate Judge.
This is an appeal from convictions for attempted sexual battery and battery.
Appellant, a lawyer, made an after-hours appointment at his office with the victim to discuss her legal problem. After some minutes discussing the legal problem, appellant stood up, pulled the victim toward him, kissed her on the mouth and tried to place her hand on his groin. As she resisted, appellant exposed his penis and forced the victim to handle and stroke it. He then attempted to reach into her pants and touch her groin area. Finally, he tried to get his penis in her mouth. She was able to break away and leave.
Appellant raises various points in his appeal. First, he says he was denied the right to establish that the victim had a motive to lie. The purported motive involved her living with a man while claiming entitlement to welfare benefits and failing to disclose that fact on her welfare application. Appellant questioned the victim regarding this fact. The victim said the man "stayed" there but denied he lived there. Appellant asked the judge to enforce a subpoena served on the man but the judge refused. The judge said in his ruling
...[F]rankly, the issue of whether or not he lived at the Clever home prior to their marriage seems to me to be pretty solid in everybody's mind that yes, he did even though she quibbled with you as far as the terminology;...
...I mean, it's clear in this jury's mind she recognizes she faces prosecution for possible perjury by eliminating his name from the application for welfare and if you are trying to point out the issue that she is testifying or has some bias because she doesn't fear prosecution or she received some sort of a deal you established that she signed the document. You have established that she did not tell the whole truth in the document and she has pretty well established that she understands what could happen. There has been no deal and she doesn't fear prosecution....
It was within the sound discretion of the judge to disallow this testimony and we find no abuse of that discretion. However, even if error occurred, no reversible error occurred because the evidence against appellant was so great that this attempt at impeachment most certainly would have been ineffective to cause a different verdict.
Next, he says improper Williams Rule evidence was introduced against him. *67 Williams v. State, 110 So.2d 654 (Fla.1959). Without going into the sordid details, the other women who testified about what he did to them offered classic Williams Rule evidence to show motive, common scheme and design. His activities with the others were quite similar as to time of day of the occurrences, lack of witnesses in his offices, sexual touchings and kissing, and other relevant similarities. No error occurred in admitting this evidence which refuted appellant's assertion that the victim consented to the affronts. To quote Williams directly this evidence was admissible "... because it demonstrated a plan or pattern followed by the accused in committing the type of crime laid in the indictment," and "[i]t was relevant to meet the anticipated defense of consent." 110 So.2d at 663.
Appellant's complaint about the recordation of his conversations with police investigators is without substance because the statute allows secret recording by policemen and their operatives. § 943.03(2)(c) Fla. Stat. 1995; State v. Hershkowitz, 714 So.2d 545 (Fla. 3d DCA 1998).
By cross-appeal the appellee asserts the sentencing judge erred in refusing to assess points for victim injury. Appellant was properly convicted of attempted sexual battery because he tried to force her to perform fellatio. The statute defines sexual battery as "oral ... penetration by, or union with the sexual organ of another ..." § 794.011 Fla. Stat. (1995). The sentencing statute requires that additional points be assessed against one convicted in a case involving sexual contact. § 921.0011(7) Fla. Stat. (1995). The statute says that if the offense involves actual penetration then "severe injury" points are assessed, but if only "sexual contact" occurs then "moderate injury" points are assessed, in a lesser number. Here, appellant forced the victim to handle and masturbate him. That is sexual contact and points must be assessed for that. We have considered Reyes v. State, 709 So.2d 181 (Fla. 5th DCA 1998), and do not consider it to affect this decision. We must vacate the sentence and remand for a proper sentence.
Conviction affirmed, sentence vacated, remanded.