724 So.2d 173 (1998)
Thomas MILLS, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3617.
District Court of Appeal of Florida, Fourth District.
December 30, 1998.
Richard L. Jorandby, Public Defender, and Eric Gottlieb, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
STONE, Chief Judge.
We reverse Appellant's sentence and remand for re-sentencing.
Appellant was before the trial court for re-sentencing following a successful appeal of his initial 25-year sentence in Mills v. State, 690 So.2d 735 (Fla. 4th DCA 1997). We found reversible error in the original sentence for impermissibly scored points for being under legal constraint and for prior juvenile felony commitments that failed to show that Mills was either represented by, or validly waived his right to, counsel. Id.
Mills was present at the re-sentencing and was represented by counsel. At the re-sentencing hearing, a new guidelines scoresheet was presented which deleted the juvenile charges and the points for legal constraint at the time of the offense. The new guidelines scoresheet included the other convictions which were included in the original scoresheet and also included two misdemeanor battery convictions which did not appear on the guideline scoresheet used in the initial sentencing. Although Mills objected to the inclusion of certain of the prior convictions, referring to them by date, the trial court did not require the state to re-prove the validity of any of the remaining prior offenses or the validity of the two battery convictions.
At the re-sentencing hearing, the state proffered testimony of the victim regarding victim injury, and victim injury was scored as severe, 21 points, as it had been scored in the first guideline scoresheet. Mills called several witnesses to testify on his behalf. The new guidelines scoresheet showed a total point score of 259 points, placing Mills within the recommended sentencing range of seventeen to twenty-two years. The trial court sentenced Mills to a term of twenty years imprisonment.
*174 In Griffin v. State, 517 So.2d 669 (Fla.1987), the supreme court recognized that the trial court, on remand for re-sentencing, was required to hold a full sentencing hearing to which all due process guarantees attach, in the defendant's presence, and with the opportunity to present evidence relevant to his sentence unless otherwise directed by the remand order. We can discern no basis for excepting the duty of the state to present proof as to the validity of the contested convictions that form the basis for the re-sentence.
With regard to the state's argument that the law of the case precludes raising issues that could have been raised in the original appeal, we have considered Warren v. State, 709 So.2d 138 (Fla. 4th DCA 1998) (where defendant had not originally challenged his conviction in the state's appeal of downward departure sentence, the law of the case precluded defendant from challenging his conviction on appeal from re-sentencing) (citing Jefferson v. State, 516 So.2d 33 (Fla. 1st DCA 1987) (law of the case precluded defendant from challenging sufficiency of proof supporting ground for upward departure where appellate court had previously ruled on validity of departure ground)), and Smith v. State, 526 So.2d 1060 (Fla. 1st DCA 1988) (prior appeal resolving and finding severity of injury a valid ground for upward departure precludes different result on appeal of re-sentence), and find them inapposite.
The state is not insulated by law of the case principles from proving challenged prior convictions forming the basis of a guideline sentence, notwithstanding the defendant did not challenge the priors at the original sentence or appeal therefrom. Baldwin v. State, 700 So.2d 95 (Fla. 2d DCA 1997). Baldwin recognizes that, on re-sentence after appellate reversal of an illegal sentence, the defendant is entitled to a de novo sentencing hearing at which the state is required to corroborate the defendant's challenged prior record even though the priors had not been previously challenged. See also Nicewonder v. State, 698 So.2d 376 (Fla. 1st DCA 1997). We note that the challenges raised here were not previously addressed, nor, in the case of the added misdemeanors, could they have been considered. We also note that the remand was not simply for the performance of a ministerial act by the court.
Similarly, we find that at the re-sentencing hearing the theory underlying Baldwin is equally applicable to consideration of the challenged points for severity of victim injury.
Accordingly, we reverse and remand for a de novo re-sentencing hearing as ordered in Baldwin.
KLEIN, J. and OWEN, WILLIAM C., Jr., Senior Judge, concur.