PER CURIAM.
This is the second time this case presents itself before this Court. See Vural v. State, 717 So.2d 65 (Fla. 3d DCA 1998). In the earlier appeal, the defendant appealed his conviction and sentence for attempted sexual battery and simple battery stemming from his improper “sexual contact” with a female client. The State cross-appealed contending that the trial court improperly sentenced the defendant by virtue of the fact that it failed to assess victim injury points against the defendant. This Court affirmed the conviction and, furthermore, agreed with the State’s contention and remanded the cause to the trial court with directions to enter a “proper sentence” that would take into account the additional victim injury points that should have been assessed against the defendant in the first place. See Vural, 717 So.2d at 67. Despite the foregoing, the trial court, on remand, assessed the required victim injury points against the de *592 fendant and then reduced the defendant’s sentence to a period of time in the county-jail followed by community control. The State now appeals this more recently entered sentence as not only being below that which would be permitted by the Sentencing Guidelines, but more importantly, one which contravenes the directions given to the trial court by this Court. We agree and reverse the most recently entered sentence and, again, remand this cause to the trial court for the purpose of having the trial court enter a proper sentence.
Naturally, assuming that the trial court complies with Sentencing Guideline regulations, it would have the discretion to enter the same sentence as it originally did (35 months in the State Prison) or, if it felt it appropriate to do so, the court could impose a greater sentence because of the additional victim injury points. However, nothing in this Court’s original opinion, requiring the trial court to assess additional guideline points against the defendant, could be construed as a suggestion or authorization to reduce the defendant’s original sentence. In fact, it defies logic to suggest that the Appellate Court would remand a case to the trial court for it to assess additional victim injury points for the purpose of then having a lower sentence imposed.
Accordingly, this case is reversed and remanded to the trial court with directions to determine whether the defendant should receive the sentence initially imposed or whether a greater sentence should be imposed as a result of the additional victim injury points.
Reversed and remanded with directions.