756 So.2d 148 (2000)
Thomas ALTMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-0816.
District Court of Appeal of Florida, Fourth District.
March 15, 2000.
Rehearing Denied May 5, 2000.
Eugene S. Garrett, Boca Raton, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Marrett W. Hanna, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
This is a direct appeal from a resentencing in which appellant argues that he should not have been given victim injury points for sexual contact. The trial court concluded that the issue had been waived because it was not raised on appellant's first appeal. We reverse.
Appellant was charged by information with committing a number of lewd assaults on a child under the age of twelve between January 1, 1993 and December 31, 1994. A jury found him guilty of three lewd assaults which were violations of what is now section 800.04(1), Florida Statutes, for tongue-kissing the child, and one lewd act which is a violation of what is now section 800.04(2), for rubbing his crotch against the victim's crotch and buttocks while both were clothed.
When appellant was sentenced, the trial court added eighteen victim injury points for each conviction for sexual contact, which increased his score by seventy-two points. This score sheet applied to crimes committed prior to 1994. In his appeal from those convictions, appellant did not challenge his sentence because of the victim injury points, and that appeal was affirmed without opinion.
*149 Appellant then filed a motion for postconviction relief arguing that his counsel had been ineffective for failing to argue that appellant should have been sentenced pursuant to guidelines applying to crimes committed after January 1, 1994. The state conceded that appellant should be resentenced under the 1994 guidelines. At his resentencing hearing appellant argued that the kissing and rubbing which occurred in this case did not constitute sexual contact. The trial court rejected this argument on the ground that it had not been raised in the first appeal and had thus been waived. At the conclusion of the hearing, the court informed appellant that he had the right to appeal the sentence as being an illegal sentence which the court felt was a "very real possibility."
Section 921.0011(7), Fla. Stat. (1995), the guidelines in effect as of January 1, 1994, provided:
"Victim injury" means the physical injury or death suffered by a person as a direct result of the primary offense, or any offense other than the primary offense, for which an offender is convicted and which is pending before the court for sentencing at the time of the primary offense. If the conviction is for an offense involving sexual contact which includes sexual penetration, the sexual penetration must be scored as a severe injury regardless of whether there is evidence of any physical injury. If the conviction is for an offense involving sexual contact which does not include sexual penetration, the sexual contact must be scored as a moderate injury regardless of whether there is evidence of any physical injury. If the victim of an offense involving sexual contact suffers any physical injury as a direct result of the primary offense or any other offense committed by the offender resulting in conviction, such physical injury must be scored separately and in addition to the points scored for the sexual contact or the sexual penetration.
The case appellant relies on for the proposition that contact points should not have been assessed is Reyes v. State, 709 So.2d 181 (Fla. 5th DCA 1998). Reyes interpreted the new guidelines under which appellant had been resentenced and changed the case law from when appellant was originally sentenced. In Reyes, the defendant's conviction was for attempted sexual battery for fondling a female's breasts, and he was assessed eighteen points for sexual contact. The fifth district reversed, explaining:
In Karchesky v. State, 591 So.2d 930 (Fla.1992), the supreme court determined that victim injury points on a sentencing guidelines score sheet could not be added for penetration or contact because neither could be fairly equated to "physical injury" or "physical trauma." Shortly after Karchesky, the legislature enacted a statute which provided that for crimes of ... chapter 800 (lewdness, including statutory rape) ... which involve sexual penetration, the points indicated for penetration or slight injury on the score sheet shall be added, and that for such crimes which do not include sexual penetration but do include sexual contact, points must be added for "contact but no penetration." See § 921.001(8), Fla. Stat. (Supp.1992). The legislature, in requiring points for sexual contact in this original statute as well as its successor, the one at issue, appears to be referring only to the contact occurring in a sexual battery by union without penetration. [Emphasis supplied.]
Id. at 182.
Under prior case law, points for sexual contact could be assessed more broadly than Reyes would appear to allow. Mackey v. State, 516 So.2d 330 (Fla. 1st DCA 1987)(points properly assessed for contact where defendant fondled a 13-year-old child by touching victim above crotch); Beasley v. State, 503 So.2d 1347, 1349 (Fla. 5th DCA 1987)(points properly assessed for sexual contact where defendant opened *150 victim's legs and started to pull down her bathing suit and shorts).
Appellant has not addressed the fact that he did not raise this issue when he first appealed his convictions, even though that is why the trial court denied him relief. We do note that it is well established in death penalty cases that resentencing is an entirely new proceeding. Phillips v. State, 705 So.2d 1320 (Fla. 1997). The closest authority we can find which is not a death penalty case is Baldwin v. State, 700 So.2d 95 (Fla. 2d DCA 1997). In Baldwin the defendant had not attacked the state's proof of his prior convictions at his original sentencing, but he attempted to challenge them at his resentencing. The trial court held that the issue had been waived, but the second district reversed and held that he was entitled to a de novo sentencing hearing. We followed Baldwin in Mills v. State, 724 So.2d 173 (Fla. 4th DCA 1998). Based on these authorities and, because it appears that there may have been a change in the law involving sexual contact, we conclude that the trial court should have allowed appellant to raise this issue at his resentencing.
We are not, at this time, venturing an opinion as to the merits of appellant's argument, because sexual contact victim injury points are properly assessed based on a factual determination made by the trial judge after considering evidence presented during the trial or at the sentencing hearing. McCloud v. State, 741 So.2d 512 (Fla. 5th DCA 1999)(adopting the reasoning in Lowman v. State, 720 So.2d 1105 (Fla. 2d DCA 1998)). In the present case, the trial court made no factual findings, because it did not reach this issue, and there may be evidence which will assist the trial court in making this determination which is not before us. We have only the bare description of the activity set forth above.
We note, however, that it is not yet clear how the courts will ultimately resolve what constitutes sexual contact. The fifth district followed Reyes in Spioch v. State, 742 So.2d 817 (Fla. 5th DCA 1999), holding that sexual contact points could not be assessed where a defendant was convicted for lewd and lascivious assault as a result of fondling a minor's penis through the minor's clothing. Shortly thereafter, the fifth district attempted to limit Reyes in Kitts v. State, 24 Fla. L. Weekly D2144 (Fla. 5th DCA Sept. 17, 1999). In Kitts the defendant was convicted of lewd and lascivious behavior for kissing and fondling a child's breast and the majority held that this was sexual contact. Judge Peterson, who had written Reyes, dissented in Kitts. See also Vural v. State, 717 So.2d 65 (Fla. 3d DCA 1998), rev. denied, 732 So.2d 329 (Fla.1999) in which the defendant was convicted of attempted sexual battery for forcing the victim to masturbate defendant's bare penis, and the court held that sexual contact points were properly assessed. Vural found Reyes inapplicable without explanation.
We have considered the other issues raised by appellant to be without merit. We therefore reverse and remand for the trial court to determine whether the facts in this case constituted sexual contact which would justify victim injury points under section 921.0011(7), Florida Statutes (1995).
Reversed.
WARNER, C.J., and GUNTHER, J., concur.