770 So.2d 236 (2000)
Keith MONTGOMERY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-1082.
District Court of Appeal of Florida, Fourth District.
October 25, 2000.
Richard L. Jorandby, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and August A. Bonavita, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, J.
Appellant, Keith Montgomery, was convicted and sentenced on the charges of armed robbery with a deadly weapon and armed carjacking with a deadly weapon, to concurrent life terms in prison as a habitual felony offender. We affirm appellant's conviction, but reverse the sentence imposed by the court and remand for resentencing.
In this case appellant argues that the state failed to establish a proper predicate in order for the trial court to sentence him as a habitual felony offender. He maintains that the prior convictions utilized by the state, included a Georgia offense which occurred within five years of the instant offense, but did not result in a conviction where appellant was given a withhold of adjudication and was placed on probation for a term of three years, and three other felony convictions which were beyond the five-year window required by statute. See § 775.084, Fla. Stat. (1995).
In sentencing appellant as a habitual felony offender, the court took judicial notice of the sentencing proceedings in State v. Harris,[1] where appellant was habitualized. That case was pending on appeal at the time of the sentencing in this case. See Harris v. State, 737 So.2d 1159 (Fla. 4th DCA 1999).
Appellee concedes, and we agree, that based on this court's opinion in Harris v. State, 737 So.2d 1159 (Fla. 4th DCA 1999), appellant's sentence must be reversed and remanded for resentencing. In Harris, this court held that the trial court erred in sentencing appellant as a habitual felony offender since the record did not contain certified copies of the out-of-state convictions relied upon by the state to prove the requisite prior convictions. See id. The court also held that the trial court failed to make specific findings of fact as to the basis for habitualization and that proper proof of the required convictions was never admitted into evidence. See id. The cause was reversed and remanded for resentencing where the trial court would again have the discretion, "if it be so advised," to sentence appellant as a habitual felony offender upon proper proof and findings of fact as provided by statute. See id.
As in Harris, the trial court, may at its discretion, resentence appellant as a habitual felony offender upon proper proof and findings of fact as provided by statute.
CONVICTION AFFIRMED; SENTENCE REVERSED AND REMANDED FOR RESENTENCING.
KLEIN and GROSS, JJ., concur.
NOTES
[1] Appellant is also known as Reginald Harris.