784 So.2d 1257 (2001)
Elijah JUNE, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-2715.
District Court of Appeal of Florida, Fifth District.
May 25, 2001.
*1258 James B. Gibson, Public Defender, and Leonard R. Ross, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Mary G. Jolley, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, R. B., J.
Elijah June, Jr. appeals the sentence imposed after he was resentenced pursuant to Heggs v. State, 759 So.2d 620 (Fla. 2000). He argues that at resentencing, the trial court improperly included a conviction as part of his prior record that was not included at the time of his original sentencing. We find no error and affirm.
Because June's offense was committed within the window period for raising a Heggs challenge, the trial court set the matter for resentencing. At the resentencing hearing, the trial court utilized a revised scoresheet that included a conviction for robbery with a mask that was not included on June's original sentencing scoresheet. He contends this was error. We disagree.
June committed the robbery with a mask before committing the instant armed robbery, though the instant robbery proceeded to trial first. Because the robbery with a mask had not been resolved at the time of June's original sentencing in the instant case, it was not included in his prior record. But at the time of resentencing, the robbery with a mask, the earlier offense, had been resolved and was therefore included in June's prior record. Florida Rule of Criminal Procedure 3.701(d)(5) defines prior record as "any past criminal conduct on the part of the offender, resulting in conviction, prior to the commission of the primary offense." Prior record includes any prior offense "notwithstanding that a conviction was not obtained until after the primary offense was committed." Peterson v. State, 700 So.2d 786, 787 (Fla. 4th DCA 1997). See Thorp v. State, 555 So.2d 362 (Fla.1990). Since the robbery with a mask was resolved prior to the time of his Heggs resentencing, it was correctly included as part of his prior record at resentencing.
*1259 Once the trial court determined that resentencing was appropriate, June was entitled to a de novo sentencing hearing with the full array of due process rights.[1]State v. Scott, 439 So.2d 219, 220 (Fla.1983); Baldwin v. State, 700 So.2d 95, 96 (Fla. 2d DCA 1997) (holding that on resentencing, a defendant is entitled to a de novo sentencing hearing and may challenge his prior record even though the priors had not been previously challenged). "[W]hen a discrepancy concerning the scoresheet is brought to the sentencing court's attention, the court should resolve the discrepancy and correct the scoresheet to reflect the accurate numbers." Erickson v. State, 565 So.2d 328, 336 (Fla. 4th DCA 1990), rev. denied 576 So.2d 286 (Fla. 1991). This is true irrespective of why the defendant is before the court for resentencing. Scoresheet corrections sometime benefit the defendant and sometime benefit the State. See, e.g., Merkt v. State, 764 So.2d 865 (Fla. 4th DCA 2000) (authorizing trial court to assess victim injury points in recalculating scoresheet based on Heggs, on revocation of community control, although victim injury was not scored as part of defendant's original sentencing). Having an accurate scoresheet at resentencing promotes confidence in the justice system.
AFFIRMED.
SHARP, W. and PLEUS, JJ., concur.
NOTES
[1] The ability of a party to raise issues at resentencing is not unlimited. The law of the case doctrine applies wherein a party seeks to relitigate a claim that was already raised and decided on the merits by an appellate court. See Raley v. State, 675 So.2d 170 (Fla. 5th DCA 1996).