ORFINGER, R.B., J.
Charles Tod Kiste appeals his sentence following the revocation of his probation. On appeal, Kiste argues that the trial court used an incorrect sentencing score-sheet. We agree and remand for further proceedings.
Following his arrest in 1994, Kiste pled guilty to leaving the scene of an accident with injuries and to driving under the influence with serious bodily injury. Kiste was sentenced to prison followed by probation. While on probation, Kiste committed several new offenses. As a result, his probation was revoked and he was resen-tenced to nine years in prison.
Kiste argues that the court used an incorrect version of the scoresheet at re-sentencing after his probation violation. We agree. The record demonstrates that the scoresheet utilized by the court at resentencing was for offenses occurring after October 1, 1995. The court should have utilized the 1994 sentencing guidelines scoresheet, the version used at Kiste’s original sentencing. Because of changes in the sentencing guidelines, there is an adverse impact on Kiste if the 1995 scoresheet is utilized.
The State argues that this court lacks jurisdiction to consider Kiste’s claim because Kiste failed to raise the sentencing issues in the trial court. We disagree. The State’s position would be correct if the sentencing occurred after the effective date of the amendments to Fla. R.Crim. P. 3.111(e) and 3.800, but because it did not, this court has jurisdiction to consider un-preserved sentencing errors constituting fundamental error. Amendments to Florida Rules of Criminal Procedure 3.111(e) and 3.800 and Florida Rules of Appellate Procedure 9.020(h), 9.14-0, and 9.600, 761 So.2d 1015 (Fla.1999); Maddox v. State, 760 So.2d 89 (Fla.2000). In Maddox, the Supreme Court said:
[I]n assessing whether a scoresheet error that appears on the face of the record constitutes fundamental error, the appellate courts should consider the qualitative effect of the error on the sentencing process and whether the error was likely to cause a quantitative effect on the defendant’s sentence. If this cannot be readily determined on appeal, the scoresheet errors are more appropriately addressed in the trial court.
Maddox, 760 So.2d at 103.
On remand, the court shall resentence Kiste utilizing a 1994 scoresheet. At re-sentencing, any errors in the scoresheet can be corrected. June v. State, 784 So.2d 1257 (Fla. 5th DCA 2001).[1]
*1200 We remand the matter to the trial court for resentencing.
REMANDED.
SHARP, W. and PETERSON, JJ, concur.

. In reviewing the scoresheets utilized, it appears that additional points were assessed for driving while license suspended resulting in death or bodily injury although the plea agreement and the sentencing documents indicate that this charge was dismissed by the State. Additionally, the 1994 scoresheet reflected 120 victim injury points while the scoresheet used at resentencing only reflected 40. We cannot account for the difference. Finally, at resentencing, the trial court assessed 24 points for "new felony conviction”. *1200 See § 921.0014, Fla. Stat (1995); Fla. R.Crim. P. 3.703(d)(17). This point assessment was not available under the 1994 score-sheet. See § 921.0014, Fla. Stat. (1993); Fla. R.Crim. P. 3.702(d)(10). Under the 1994 guidelines, Kiste should have been assessed 6 points for "release program violation” due to his probation violation. See § 921.0014, Fla. Stat. (1993); Fla. R.Crim. P. 3.702(d)(10).