807 So.2d 744 (2002)
Gregory CAMERON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-144.
District Court of Appeal of Florida, Fourth District.
February 13, 2002.
Carey Haughwout, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Meredith L. Balo, Assistant Attorney General, Fort Lauderdale, for appellee.
POLEN, C.J.
Gregory Cameron appeals his conviction on two counts of dealing in stolen property. He was adjudicated an Habitual Felony Offender ("HFO"), receiving a sentence of thirty years in prison. We affirm his conviction, but reverse his habitual offender sentence.
The underlying incidents for which Cameron was sentenced occurred on September 16, 1999. On October 13, 2000, the jury entered a verdict of guilty on two counts. The court deferred sentencing since the state had given notice of its intent to have Cameron habitualized as an HFO. § 775.084, Fla. Stat. (1999). Sentencing *745 was commenced on November 17, 2000, and was continued to December 8, 2000.
The trial court may impose an habitual felony offender sentence, if it finds that:
1. The defendant has previously been convicted of any combination of two or more felonies in this state or other qualified offenses.
[and]
2. The felony for which the defendant is to be sentenced was committed:
a. While the defendant was serving a prison sentence or other sentence, or court-ordered or lawfully imposed supervision that is imposed as a result of a prior conviction for a felony or other qualified offense; or
b. Within 5 years of the date of the conviction of the defendant's last prior felony or other qualified offense, or within 5 years of the defendant's release from a prison sentence, probation, community control, control release, conditional release, parole or court-ordered or lawfully imposed supervision or other sentence that is imposed as a result of a prior conviction for a felony or other qualified offense, whichever is later.
§ 775.084(1)(a), Fla. Stat. (1999). Accordingly, the state must provide record evidence of the date of the current felony offense, the date of the conviction of the last prior felony, and the date the defendant was released from any prison term or supervision imposed for the last conviction. Boyd v. State, 776 So.2d 317, 318 (Fla. 4th DCA 2001); § 775.084(3)(a)(3), Fla. Stat. (1999) (emphasis added).
At the November hearing, the state moved the court to take judicial notice that Cameron had previously been adjudicated an habitual offender on May 5, 2000.[1] Cameron objected, stating he did not stipulate that he was an habitual offender, and the court needed to make specific findings in this case. The objection was overruled, and the court held it would take judicial notice of the findings of fact (i.e., Cameron's prior offenses, release date, etc.) as reflected in the record of the May 5 proceeding. Later, in the hearing, an issue was raised as to what Cameron's release status was subsequent to his release from prison on June 7, 1994. The court noted it did not have the exhibits from the May 5 proceeding and continued sentencing to December. At the December hearing, the state introduced new evidence, an affidavit from the Florida Parole Commission, which established that Cameron had been on conditional release from June 7, 1994 to March 25, 1997.
As discussed in our companion opinion (fn.1), we are reversing Cameron's May 5, 2000, habitual sentences, due to a lack of sufficient record evidence. Accordingly, we reverse his habitual sentence in the instant case, where the trial court took judicial notice of the May 5 proceedings. See Montgomery v. State, 770 So.2d 236 (Fla. 4th DCA 2000). We further hold, that upon remand the trial court may in its discretion resentence Cameron as an Habitual Felony Offender, upon proper proof and findings of fact. We find Cameron's additional points on appeal unpersuasive and reverse solely on the aforementioned grounds.
REVERSED and REMANDED.
KLEIN and STEVENSON, JJ., concur.
NOTES
[1] Sentencing in Cameron's companion case, case number 4D00-1693, occurred on May 5, 2000. Cameron's appeal of that sentence is also before this court. We reverse that sentence, in a separate opinion, which is being released simultaneously with this opinion.