814 So.2d 1207 (2002)
James RICH, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-4587.
District Court of Appeal of Florida, Fourth District.
April 24, 2002.
Carey Haughwout, Public Defender, and James W. McIntire, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
*1208 STEVENSON, J.
James Rich appeals his habitual violent felony offender sentence, arguing that, on resentencing, the State failed to present sufficient evidence to establish that he qualified for an habitual violent felony offender sentence. We find merit in his position and reverse.
This is the second time that Rich has appealed his sentence to this court. Originally, Rich was sentenced as a violent career criminal. Rich appealed his sentence, arguing that the violent career criminal sentencing scheme was enacted in violation of the single subject rule. This court agreed, reversed his sentence, and remanded the case so that Rich could be resentenced. See Rich v. State, 765 So.2d 750 (Fla. 4th DCA 2000).
On remand, the trial court vacated Rich's violent career criminal sentence and a new sentencing hearing was held, resulting in his current habitual violent felony offender sentence. In imposing the new sentence, however, over defense objection, the trial judge relied upon evidence that had been presented by the State at the original sentencing hearing. While certified copies of Rich's prior convictions and documentation regarding his release from incarceration for such convictions were introduced into evidence at the hearing that resulted in the violent career criminal sentence, they were not introduced into evidence at the new sentencing hearing. Instead the court simply made reference to the prior proceeding and imposed the habitual violent felony offender sentence, despite the defendant's objections that a proper predicate for the enhanced sentence had not been laid.
On appeal, Rich contends that the State could not simply rely upon evidence introduced at a prior sentencing proceeding and that, in the absence of evidence establishing that he qualifies for habitual violent felony offender sentencing, he is entitled to reversal of his sentence. We agree. This court has previously held that "a resentencing following reversal is a new proceeding." Cameron v. State, 807 So.2d 746, 747 (Fla. 4th DCA 2002)(citing Altman v. State, 756 So.2d 148 (Fla. 4th DCA 2000)); see also Mills v. State, 724 So.2d 173 (Fla. 4th DCA 1998). As such, the State was required to introduce evidence that proved Rich qualified for enhanced sentencing. See Mills, 724 So.2d at 173-74 (reversing the sentence imposed upon the defendant at resentencing where the trial court failed to require the State to "reprove" the validity of the defendant's prior convictions). Since no such evidence was introduced at the resentencing, we reverse Rich's habitual violent felony offender sentence. On remand, the State will have the opportunity to introduce evidence establishing that Rich qualifies for an habitual violent felony offender sentence. See Cameron, 807 So.2d at 747.[1]
REVERSED and REMANDED.
POLEN, C.J., and STONE, J., concur.
NOTES
[1] Of course, our experience suggests that in most instances, at resentencing hearings in front of the original sentencing judge, the parties usually rely heavily on stipulations unless there is some genuine concern about the existence, or authenticity, of the evidence.