816 So.2d 780 (2002)
Andre C. JENKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-437.
District Court of Appeal of Florida, Fifth District.
May 10, 2002.
Andre C. Jenkins, Daytona Beach, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Tammy L. Jaques, Assistant Attorney General, Daytona Beach, for Appellee.
PALMER, J.
Andre Jenkins appeals the summary denial of his second 3.800(a) motion to correct an illegal sentence. See Fla. R.Crim.P. 3.800. We reverse.
Jenkins' first 3.800(a) motion sought resentencing based on Heggs v. State, 759 So.2d 620 (Fla.2000). For two of Jenkins' three convictions, the trial court agreed that post-conviction relief was warranted and resentenced him to a term of 13.5 years incarceration on each count. Thereafter, Jenkins filed a second 3.800(a) motion claiming that his resentencing was illegal because he was not brought before the court for resentencing nor appointed counsel thereon. The trial court summarily denied the motion. Jenkins properly challenges this ruling as being incorrect.
When a defendant is resentenced pursuant to Heggs v. State, a de novo hearing is required and the defendant is entitled to be present at the hearing and to receive the assistance of counsel. See June v. State, 784 So.2d 1257 (Fla. 5th DCA 2001) (holding that when defendant receives a resentencing hearing pursuant to a Heggs challenge, he or she is entitled to receive a de novo sentencing hearing with the full array of due process rights). See also St. Lawrence v. State, 785 So.2d 728 (Fla. 5th DCA 2001).
Sentences REVERSED and cause REMANDED for resentencing.
THOMPSON, C.J., and PLEUS, J., concur.