877 So.2d 787 (2004)
Angel RIVERA, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-2543.
District Court of Appeal of Florida, Fourth District.
June 30, 2004.
*788 Carey Haughwout, Public Defender, and David John McPherrin, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION TO CORRECT WRITTEN OPINION
WARNER, J.
We grant appellants motion to correct our written opinion to reflect that appellant was convicted of battery on a law enforcement officer, not aggravated battery, withdraw our previously issued opinion, and substitute the following in its place.
Angel Rivera ("Rivera") appeals his sentences as a prison releasee reoffender ("PRR") and habitual felony offender ("HFO"), contending that the evidence offered by the state to prove his recent release from prison on another charge was legally insufficient to prove that he was the defendant in that conviction, because his *789 fingerprints were illegible. The trial court did not rely on that conviction to support its order. Instead, the court relied on two prior convictions that contained legible fingerprints of Rivera. However, because these convictions would not qualify Rivera either as a PRR or a HFO, we reverse.
Rivera was convicted of battery on a law enforcement officer and resisting arrest with violence. The state sought the imposition of enhanced penalties under the Prison Releasee Reoffender Act and as a habitual offender. At the sentencing hearing, the state presented three convictions of Rivera. A fingerprint analyst with the Broward County Sheriffs Office testified that she compared a set of fingerprints taken from Rivera in court to three certified copies of convictions. In cases numbered 95-10861 (burglary of a dwelling and grand theft) and 95-01862 (burglary of a dwelling and petit theft), the fingerprints on the copies of conviction matched Rivera's prints. The analyst was not able to obtain a comparison of Rivera's prints to those on the copy of conviction in case number 99-8186 because the prints on the copy were of bad quality. Rivera denied that he was convicted in case 99-8186.
The state presented an affidavit of Dianne Thompson, correctional services assistant administrator of the Central Records Office with the Florida Department of Corrections, in which she averred "that the last release date for inmate Angel Rivera, DC # 997213, H/M, DOB: 10/17/78, was August 1, 2000, case # 99-8186, Broward County, Florida." The affidavit did not include the release dates from prison for Rivera's 1995 convictions for which fingerprint identification was confirmed. In ruling on Rivera's status, the court first said to the state, "You have one [set of] fingerprints that were identifiable." The State responded, "Two." The court noted that two was all that was needed under the statute, and the prosecutor qualified his response, explaining that he needed one qualifying offense with another offense within five years of the offense. The court stated that the two convictions satisfied that, to which the state responded, "Right." Based upon this evidence, the trial court determined Rivera was a PRR and sentenced him to the five-year minimum mandatory term. It also found Rivera was a HO and sentenced him to five years and one day, to run concurrently.
Rivera filed a Florida Rule of Criminal Procedure 3.800(b)(2) motion to correct sentencing error in which he argued the court erred in designating him a HO and PRR because these designations were not supported by the evidence presented at the sentencing hearing. The state responded, noting that the court had entered its sentence based upon the proved 1995 convictions and not the 1999 conviction for which fingerprint evidence was unavailable. The court denied the motion. This appeal follows.
In order to sentence Rivera as a PRR, the state had to prove that Rivera committed the current crime, constituting an offense involving the threat or use of physical force or violence against an individual, within three years of release from a state correctional facility. See 775.082(9)(a) 1.o., Fla. Stat. (2002). The trial court relied on Rivera's two 1995 convictions to support his enhanced sentence. It does not appear that the court had before it evidence of when Rivera was released from these 1995 crimes, although a printout of his prior incarceration history is in the record. Even if this printout was properly admitted into evidence, it shows that Rivera was released from prison on these charges more than three years before committing the current crime. Therefore, the court erred in determining *790 that Rivera was a PRR based upon the 1995 convictions.
With respect to the habitual offender sentence, the trial court may impose an HFO sentence if the defendant has been convicted of two or more felonies, and the instant felony was committed within five years of either the conviction date or the date of release from incarceration or supervision imposed as a result of the prior felony. See § 775.084(1)(a), Fla. Stat. (2002). In order to constitute a qualifying offense for HFO purposes, "the felony must have resulted in a conviction sentenced separately prior to the current offense and sentenced separately from any other felony conviction that is to be counted as a prior felony." § 775.084(5). It does not appear that the court had information before it to make such findings. However, if the prior incarceration history was considered, it shows that the two 1995 crimes were sentenced on the same day. Therefore, it is highly probable that they did not meet the statutory test. Because the record does not support the imposition of HFO status, the sentence must be vacated. See Boyd v. State, 776 So.2d 317, 318-19 (Fla. 4th DCA), rev. denied, 792 So.2d 1213 (2001).
In arguing for affirmance, the state relies on the 1999 conviction for which no fingerprint identification exists. The trial court did not rely on this conviction, and we assume it was because no fingerprint identification connected it to Rivera, as the court questioned how many convictions were proved by fingerprints. Nevertheless, the state suggests that even though the conviction was not proved by fingerprints, the prison record custodians affidavit attested that Angel Rivera, with a birthdate the same as this appellant, was released from incarceration for that 1999 conviction in August 2000. We deem this affidavit to be insufficient when the state did not connect the underlying conviction to Rivera. We have approved identification for sentencing purposes based upon a photograph of the defendant, rather than fingerprints, see Wencel v. State, 768 So.2d 494, 495 (Fla. 4th DCA 2000), but we have never approved a finding that evidence of the same name and birthdate constitutes proof of the defendants conviction or release status. While Stabile v. State, 790 So.2d 1235, 1238 (Fla. 5th DCA 2001), approved a prison records custodians affidavit attesting to the defendants prison release date as admissible under the business records exception to the hearsay rule, section 90.803(6), Florida Statutes (2000), the state also connected the defendant to that conviction through testimony of a deputy sheriff who fingerprinted the defendant for the conviction on which the prison release information was provided. Here, there was no evidence connecting Rivera to the 1999 conviction, and the affidavit of the custodian was insufficient to meet the requirements of section 90.803(6).
For these reasons, we reverse the sentences of Rivera and remand for resentencing. If the state can prove the 1999 conviction is of Rivera, and his release date for that conviction, then it is not precluded from again seeking a prison releasee reoffender or habitual offender sentence for Rivera. See Osborne v. State, 820 So.2d 1046, 1048 (Fla. 4th DCA 2002); Cameron v. State, 807 So.2d 744, 745 (Fla. 4th DCA 2002).
STEVENSON and GROSS, JJ., concur.