899 So.2d 440 (2005)
David STREET, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-4442.
District Court of Appeal of Florida, Fourth District.
April 6, 2005.
David Street, Bowling Green, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant David Street appeals a trial court order summarily denying his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse and remand for the reasons that follow.
Street was convicted of five counts of sale of cocaine within 1000 feet of a school and was sentenced in December 1991 to 30 years on each count with all counts to run concurrently, with a three year minimum mandatory on each count to run consecutively. On direct appeal to this court his conviction was affirmed. See Street v. State, 609 So.2d 779 (Fla. 4th DCA 1992). However, this court found error in his sentence, as he had been sentenced in excess of twenty-seven years, which was the top of the guidelines range based on his original scoresheet, without written reasons for departure being given. Id. This court reversed his sentence, and indicated that the trial court could consider on remand and resentencing whether departure from the guidelines was appropriate, and if it did depart, that valid written reasons were to be completed. Id.
On October 4, 2004, Street filed a motion to correct an illegal sentence, in which he claims that after his direct appeal to this court, he was thereafter resentenced to twenty-seven years on each of the five counts.[1] He alleges that a sentencing guidelines scoresheet was prepared that erroneously included only four of his five counts of sale of cocaine as primary offenses. Street claims that one remaining *441 count of sale of cocaine was listed as an additional offense rather than a primary offense, in violation of Peters v. State, 830 So.2d 191, 194 (Fla. 4th DCA 2002) ("multiple counts of an identical charge, which is the primary offense, should be included as additional under primary offenses and not calculated as `additional offenses at conviction'")(citing Doner v. State, 515 So.2d 1368 (Fla. 2d DCA 1987)). He alleges that due to this error in how the offenses were categorized upon resentencing, his guidelines range was improperly calculated, resulting in sentences on each count which exceed those permitted under the sentencing guidelines as they existed at that time.
The trial court denied his motion to correct the sentence as legally insufficient, claiming that the matter had been considered and ruled upon by this court in the original appeal in Street, 609 So.2d at 779, making it the law of the case. This finding was erroneous in light of Mills v. State, 724 So.2d 173 (Fla. 4th DCA 1998), in which this court determined that upon resentencing after appellate reversal of an illegal sentence, a defendant is entitled to a de novo sentencing hearing, during which both the state and the defendant can put on additional evidence and raise issues regarding a defendant's scoresheet anew. See Aponte v. State, 810 So.2d 1008 (Fla. 4th DCA 2002); Altman v. State, 756 So.2d 148 (Fla. 4th DCA 2000). In Mills, this court determined that the law of the case doctrine did not apply to preclude the defendant from challenging the validity of prior convictions used to calculate his guidelines sentence, even if he had not raised them in the original sentencing; the state was required to prove contested convictions at resentencing. 724 So.2d at 174 ("remand was not simply for the performance of a ministerial act by the court."). See also June v. State, 784 So.2d 1257 (Fla. 5th DCA 2001)(on resentencing, a defendant is entitled to a de novo hearing with the full array of due process rights, but the law of the case doctrine applies wherein a party seeks to relitigate a claim that was already raised and decided on the merits by an appellate court).
We reverse and remand for further consideration of Appellant's allegations of scoresheet errors raised in the motion. We cannot determine based on the record before us currently whether Appellant's scoresheet upon resentencing was improperly calculated or whether any error in that scoresheet calculation might have been harmless, and this opinion should not be construed as deciding those issues.
STONE, KLEIN and GROSS, JJ., concur.
NOTES
[1] Street did not file an appeal from his resentencing.