KLEIN, J.
We withdraw our opinion filed on September 20, 2006 and replace it with this opinion.
Appellant was convicted of kidnapping and aggravated assault. The only issue he raises which has merit is whether Bahamian convictions were qualifying offenses for a habitual offender sentence. The state did not establish that the three Bahamian crimes, which were the basis for the harsher sentence, had elements which were similar to Florida offenses and were punishable by more than one year of imprisonment, as is required by section 775.084(l)(e), Florida Statutes (2003).
Appellant argues that, on remand, the state should not be given a second opportunity to prove that appellant qualifies for a habitual offender sentence, but recognizes that in this district we have allowed the state a second opportunity. Rivera v. State, 877 So.2d 787 (Fla. 4th DCA), rev. denied, 888 So.2d 623 (Fla.2004) and cases cited.
He argues that we should follow Collins v. State, 893 So.2d 592 (Fla. 2d DCA 2004), rev. granted, 929 So.2d 1054 (Fla.2006), in which the second district held that, where the defendant specifically objects to the sufficiency of the proof of the prior convictions at sentencing, the state does not have another opportunity to prove the qualification for habitual offender sentence on remand. Collins is somewhat distinguishable because, in the present case, the objection was not raised until defendant filed a rule 3.800(b)(2) motion while the appeal was pending. That motion was deemed denied under the rule, because the trial court failed to rule on it within sixty days.
It appears from our opinion in Rivera that the defendant did not object at the sentencing hearing, but did raise the issue in a rule 3.800(b)(2) motion which was denied. In Rivera we remanded and gave the state another opportunity to prove the requirements for a habitual offender sentence. This court has also given the state the same opportunity on remand even where the defendant did raise the objection at the sentencing hearing. Osborne v. State, 820 So.2d 1046 (Fla. 4th DCA 2002); *595 Cameron v. State, 807 So.2d 744 (Fla. 4th DCA 2002).
We have also allowed a defendant, on resentencing, to raise an issue he did not previously address involving victim injury points on his scoresheet. Altman v. State, 756 So.2d 148, 150 (Fla. 4th DCA 2000), in which we explained:
Appellant has not addressed the fact that he did not raise this issue when he first appealed his convictions, even though that is why the trial court denied him relief. We do note that it is well established in death penalty cases that resentencing is an entirely new proceeding. Phillips v. State, 705 So.2d 1320 (Fla.1997). The closest authority we can find which is not a death penalty case is Baldwin v. State, 700 So.2d 95 (Fla. 2d DCA 1997). In Baldwin the defendant had not attacked the state’s proof of his prior convictions at his original sentencing, but he attempted to challenge them at his resentencing. The trial court held that the issue had been waived, but the second district reversed and held that he was entitled to a de novo sentencing hearing. We followed Baldwin in Mills v. State, 724 So.2d 173 (Fla. 4th DCA 1998). Based on these authorities and, because it appears that there may have been a change in the law involving sexual contact, we conclude that the trial court should have allowed appellant to raise this issue at his resentencing.
Although we have concluded that this case is not in direct conflict with Collins, we recognize that they are similar in the sense that the sentencing issue was not being raised for the first time on appeal. In Collins, as we said earlier, it was raised at the sentencing hearing, and in the present case it was raised in a rule 3.800(b)(2) motion during the appeal, before the filing of the initial brief. We have accordingly decided that we should certify the issue as one of great public importance so that our supreme court will have the opportunity to decide this frequently arising question, if Collins, which was orally argued September 21, 2006, does not address it. We certify the following question as one of great public importance:

WHERE THE DEFENDANT DOES NOT OBJECT TO THE PROOF OF PRIOR CONVICTIONS AT THE SENTENCING HEARING, BUT DOES TIMELY RAISE THE OBJECTION IN A RULE 8.800(b)(2) MOTION, DOES THE STATE, AFTER REVERSAL OF THE SENTENCE, HAVE ANOTHER OPPORTUNITY TO PROVE THE PRIOR CONVICTIONS?

We affirm the convictions, but reverse and remand for resentencing.
WARNER and GROSS, JJ., concur.