RYDER, Acting Chief Judge.
Stewart contends that the trial court committed trial error and also erred in imposing consecutive sentences for the convictions of delivery of and possession of cocaine. We affirm the convictions, but reverse for resen-tencing with instructions that the sentences be imposed concurrently.
During deliberation, the jury specifically requested the case numbers and the respective dates of the six informations charging the alleged offenses. Over defendant’s objection, the court sent to the jury room a piece of paper listing the information numbers and the dates the offenses allegedly occurred.
The state has the burden of showing there was no reasonable possibility that the unauthorized material affected the jury’s verdict. State v. Hamilton, 574 So.2d 124 (Fla.1991). Florida Rule of Criminal Procedure 3.400 permits the jury to take into the jury room for deliberation a copy of the charges against the defendant. The list in question provided far less information than that contained in the actual charging instruments. The appellant contends that the danger apparent in the judge’s action is that the jury might affix unjustified importance to the list because it came directly from the judge.
We disagree with the appellant. Although Stewart was charged with one count each of delivery of and possession of cocaine in each of the six separate informations, the jury found him guilty as charged on four of the six informations. The evidence against him was overwhelming. An undercover detective participated in the purchases of cocaine, and audio and video recordings of the transactions were played for the jury. We conclude that the trial court’s actions were authorized, and, in any event, could not have contributed to the verdict. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
Stewart was sentenced as a habitual felony offender. He correctly asserts that the court erred in imposing a sentence for each of the possession counts, consecutive to the sentence for the delivery counts with respect to each information. The comí is not authorized to both enhance a defendant’s sentence as a habitual offender and order each of the enhanced habitual offender sentences for the possession and the sale of the same identical piece of cocaine to run consecutive to one another. Hale v. State, 630 So.2d 521, 525 (Fla.1993), cert, denied, — U.S. —, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994), rehearing denied, — U.S. —, 115 S.Ct. 686, 130 L.Ed.2d 617 (1994). Although the offenses charged in each of the separate informations occurred on different dates, each of the offenses of delivery and possession charged in each information obviously occurred at the same time. Accordingly, we reverse the sentences and remand this case *1060 with instructions that Stewart’s enhanced sentences be ordered to run concurrently.
Affirmed in part, reversed in part and remanded for resentencing.
CAMPBELL and FRANK, JJ., concur.