674 So.2d 180 (1996)
Bruce J. REYNOLDS, Appellant,
v.
STATE of Florida, Appellee.
No. 93-04109.
District Court of Appeal of Florida, Second District.
May 22, 1996.
Arthur L. Wallace, III, Ft. Lauderdale, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph Hwan-Yul Lee, Assistant Attorney General, Tampa, for Appellee.
FRANK, Judge.
Bruce J. Reynolds has appealed from his convictions and sentences for multiple offenses stemming from his dealings in stolen vehicles and automobile parts. A jury convicted him of racketeering, conspiracy to commit racketeering, three counts of grand theft, one count of petit theft, one count of dealing in stolen property, two counts of possession of a motor vehicle with removed vehicle identification number (VIN) plates, nine counts of possession of removed VIN plates, and two counts of defacing a motor vehicle engine. We find no error in the convictions and affirm them. Reynolds contends, however, that his sentence as a habitual offender was inappropriate, and we must agree.
In addition to a 1985 burglary committed in Broward County, the state asserts that Reynolds' federal court conviction for importation of cocaine on August 6, 1985 laid the foundation for habitualization. Reynolds was sentenced by the federal court to four years in prison and a three year special parole term.
Application of the habitual offender statute requires an affirmative representation on the record of several critical dates: the date that Reynolds committed the felony for which he is to be sentenced as a habitual offender; the date of his conviction for the last prior felony; and the date of his release ("on parole or otherwise") from the prison sentence or other commitment imposed for the last felony conviction. § 775.084(a)2, Fla.Stat. (1991). The statute requires that either the conviction or the release from prison for the last prior felony occur within five years of the date of the commission of the new felony.
In this case one critical date is missing the date upon which Reynolds was released on parole from his federal offense for importation of cocaineand another date is ambiguousthe date of commission of the current felonies. The state represented at sentencing that, as alleged in the information, Reynolds committed the racketeering offense between December 1, 1989 and May 21, 1992. As predicate offenses for the RICO charge, the information alleged five instances of receiving stolen goods in Rhode Island that *181 allegedly occurred between December 1 and 2, 1989. Those predicate incidents were, however, dismissed on a motion to suppress. As a result, the earliest predicate incidents remaining upon which the jury could have based its RICO conviction were five Hernando County convictions for grand theft, aggravated assault/battery on a law enforcement officer, and resisting an officer with violence, crimes that occurred on September 14, 1991. The remaining counts with which Reynolds was charged, including the RICO conspiracy, were all alleged to have occurred in 1992, with the exception of a grand theft offense of which he was acquitted.
Because Reynolds' federal conviction for importation of cocaine did not occur within five years of the earliest possible date of commission of the felonies for which he was being sentenced, it was essential to know the date upon which he was released from prison for that offense. The state urges the notion that habitual offender sentencing was appropriate because Reynolds was on parole within the five-year window period. The trial court agreed with that contention. The state's argument, and the trial court's sentencing of Reynolds as a habitual offender, were grounded upon a misinterpretation of the statute. The prison release date, not the parole release date, triggers commencement of the five-year window period. See Stephenson v. State, 666 So.2d 573 (Fla. 2d DCA 1996). Although one might assume that Reynolds remained incarcerated for his 1985 conviction in September of 1986, five years prior to the commission of his new crimes, the record does not disclose support for that assumption. Thus, the trial court erred in sentencing Reynolds as a habitual offender on an inadequate record. Bunion v. State, 636 So.2d 873 (Fla. 2d DCA 1994).
At sentencing Reynolds' attorney objected that the state had presented no evidence of a prior offense having been committed within five years of the current offense. Hence, this case is distinguishable from those in which the record was inadequate for habitual offender sentencing but the defendant failed to object. In those instances, such as Davis v. State, 588 So.2d 289 (Fla. 2d DCA 1991), and Frazier v. State, 595 So.2d 131 (Fla. 2d DCA 1992), our court allowed the state a second chance to prove that the defendant met the requirements of the statute. In this case, however, the state had a sufficient opportunity to develop the record at the initial hearing but failed to do so.
Accordingly, we affirm Reynolds' convictions but reverse his sentences and remand for resentencing within the guidelines.
RYDER, A.C.J., and CAMPBELL, J., concur.