704 So.2d 1080 (1997)
James Lavyon RHODES, Appellant,
v.
STATE of Florida, Appellee.
No. 96-4426.
District Court of Appeal of Florida, First District.
December 30, 1997.
Rehearing Denied February 5, 1998.
*1081 Nancy A. Daniels, Public Defender; P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Charmaine M. Millsaps, Assistant Attorney General, Tallahassee, for Appellee.
PADOVANO, Judge.
The defendant, James Rhodes, entered a plea of nolo contendere to charges of burglary of a dwelling and grand theft, and he was sentenced on each charge as a habitual felony offender. In this direct appeal, the defendant presents two arguments for reversal: (1) the trial court failed to inform him that habitual offenders are ineligible for gain time or control release; and (2) the trial court erred in using a subsequent felony offense as a predicate for the habitual felony offender sentences. The first of these claims is not preserved for review but the second requires reversal for resentencing.
We decline to address the merits of the defendant's claim that he was not advised of the consequences of habitualization because he did not preserve that issue for review by filing a motion to withdraw the plea in the trial court.[1] The supreme court held in Ashley v. State, 614 So.2d 486 (Fla. 1993) that a habitual offender sentence can be properly imposed following a plea of guilty or nolo contendere, if the state has given "written notice of intent to habitualize", and if the trial court has confirmed "that the defendant is personally aware of the possibility and reasonable consequences of habitualization." Here, the defendant claims only a violation of the second Ashley requirement, that he was not advised of the consequences of habitualization. In our view, this claim is one that affects only the voluntariness of the plea and therefore it must be preserved by a timely motion to withdraw in the trial court.
A failure to comply with either of the Ashley requirements could invalidate a habitual offender sentence based on a plea of guilty or nolo contendere, but the two requirements are actually quite different. The state's failure to give notice of its intention to seek an enhanced sentence under the habitual offender statute violates the express requirements of the habitual offender statute, and deprives the defendant of the fundamental right to due process of law. A defendant cannot be expected to plead guilty or nolo contendere to a criminal offense only to find out later that the penalty could be double that which had been disclosed at the time of the plea, and that the procedure would require involuntary participation in a separate evidentiary proceeding at the time of sentencing. As explained in Ashley, this kind of an error results in a "purely legal sentencing issue." The court reasoned that the defendant should be resentenced without any enhancement under the habitual offender sentence.
In contrast, a failure to advise the defendant of the consequences of habitualization affects only the validity of the plea. If the defendant has notice of the state's intent to seek habitualization but is simply unaware of certain legal consequences such as the loss of gain time, the error can be corrected by vacating the plea. In this situation, the defendant can withdraw the plea with the permission of the court and decide once again whether to offer a plea of guilty or nolo contendere in the face of the state's notice of intent to seek an enhanced penalty.
*1082 A challenge to the validity of a plea may not be asserted for the first time on direct appeal. As the supreme court explained in Robinson v. State, 373 So.2d 898 (Fla.1979), a defendant may challenge the voluntariness of a plea of guilty or nolo contendere on direct appeal only if the issue had been previously raised in the trial court. The court squarely rejected the notion that a defendant can challenge the validity of a plea for the first time on direct appeal:
The appellant contends that he has a right to a general review of the plea by an appellate court to be certain that he was made aware of all the consequences of his plea and apprised of all the attendant constitutional rights waived. In effect, he is asserting a right of review without a specific assertion of wrongdoing. We reject this theory of an automatic review from a guilty plea.... Furthermore, we find that an appeal from a guilty plea should never be a substitute for a motion to withdraw a plea. If the record raises issues concerning the voluntary or intelligent character of the plea, that issue should first be presented to the trial court in accordance with the law and standards pertaining to a motion to withdraw a plea.
Robinson at 902. Based on these principles, we have held that a claim that the defendant was not informed of the consequences of habitualization cannot be presented on direct appeal unless the defendant has preserved the issue for review by filing a timely motion to withdraw the plea in the trial court. Heatley v. State, 636 So.2d 153 (Fla. 1st DCA 1994); Perkins v. State, 647 So.2d 202 (Fla. 1st DCA 1994).
The defendant suggests that we reconsider this line of cases in light of the supreme court's decision in State v. Wilson, 658 So.2d 521 (Fla.1995), but that decision does not modify the existing preservation of error requirement. The issue settled in Wilson was the proper remedy for an Ashley violation, not the requirements for preserving such a claim for review on direct appeal.[2] It does not appear to us that the supreme court intended to recede from its holding in Robinson that a defendant may not challenge the voluntariness of a guilty plea on direct appeal unless the issue has been preserved for review by a motion to withdraw the plea. This principle of law has been widely accepted for many years, and even after Wilson it was incorporated in the Florida Rules of Appellate Procedure. See Fla.R.App.P. 9.140(b)(2)(B)(iii).
We emphasize that our decision is limited to the requirements for asserting this kind of an Ashley claim on direct appeal. The Third District Court of Appeal held in Surinach v. State, 676 So.2d 997 (Fla. 3d DCA 1996), that a defendant must move to withdraw a plea of guilty or nolo contendere to preserve an Ashley claim on appeal from the denial of a rule 3.850 motion, but we respectfully disagree. Postconviction appeals differ in some respects from direct appeals. The preservation of error requirements are not the same, at least with respect to the voluntariness of a plea.
Rule 3.850(a) of the Florida Rules of Criminal Procedure expressly provides that a defendant may seek to vacate a conviction on the ground "that the plea was given involuntarily." Therefore, a defendant who seeks to challenge the voluntariness of a plea on appeal from a postconviction order need only show that the issue was presented to the trial court in a facially sufficient motion under rule 3.850. A motion to withdraw is not required because the challenge to the plea is asserted in the postconviction motion itself. In contrast, a defendant who seeks to challenge the voluntariness of a plea on direct appeal must preserve the issue for review in the trial court by filing a timely motion to withdraw. Otherwise, there would be no record relating to the claim and there would be no ruling or decision to review in the appellate court.
*1083 If the voluntariness of a plea has not been preserved for review on direct appeal, the defendant may nevertheless seek relief from the plea in a subsequent postconviction motion. As the court explained in Robinson, "[w]e recognize that the failure of a defendant to raise the issue of the validity of the plea by an appeal does not prohibit him from subsequently seeking collateral relief if the issues have not been previously addressed and ruled upon." In the present case, the defendant has not filed a motion to withdraw the plea. At this point, the validity of his plea can only be presented in a postconviction motion under rule 3.850.
We conclude, however, that the defendant did not qualify as a habitual offender because one of the predicate felony offenses was committed after the date of the offenses resulting in the enhanced sentences. The burglary and grand theft occurred on July 17, 1995, but the defendant was not sentenced on those charges until October 31, 1996. During the intervening period of approximately fifteen months, the defendant committed one of the two predicate felonies and was convicted and sentenced for that felony. He had also been sentenced for another felony offense which predated the subject offenses. Thus, at the time the defendant was habitualized he had two prior felony convictions but only one prior felony offense. Because the predicate felonies are not sequential, the trial court erred in imposing habitual felony offender sentences on the burglary and grand theft charges.
Section 775.084(5), Florida Statutes states that "[i]n order to be counted as a prior felony for the purposes of sentencing under this section, the felony must have resulted in a conviction sentenced separately prior to the current offense and sentenced separately from any other felony conviction that is to be counted as a prior felony." (emphasis added). This subsection was added by the legislature in 1993 in response to the Florida Supreme Court's decision in State v. Barnes, 595 So.2d 22 (Fla.1992) which held that sequential convictions were not required by the habitual offender statute then in effect. The legislature's intent in adding section 775.084(5) was to return the habitual offender statute to its pre-Barnes status which required not only sequential convictions but sequential offenses as well. 1993 Fla. Laws ch. 93-406.
The Florida courts are obligated to give effect to the plain language of a constitutionally valid statute and may resort to extrinsic aides to statutory construction only if a statute is ambiguous. Holly v. Auld, 450 So.2d 217 (Fla.1984). We have no reason to resort to extrinsic aides to construe section 775.084(5), because the intent of the legislature is clear from the wording of the statute itself. If the predicate felony must be separately sentenced "prior to the current offense", then it follows that the commission of the predicate felony must also precede the commission of the current offense.
Because one of the necessary predicate felony convictions does not qualify as a prior felony under section 775.084(5), Florida Statutes, the defendant's habitual offender sentence must be reversed and the case remanded for resentencing. On remand, the state may again seek a habitual offender sentence as long as all the requirements of section 775.084, Florida Statutes are met. See Doggett v. State, 584 So.2d 116 (Fla. 1st DCA 1991).
Reversed.
MINER and ALLEN, JJ., concur.
NOTES
[1] If the defendant could prevail on his argument that the court failed to inform him of the consequences of habitualization, he would be entitled to withdraw his plea. Because that is a broader remedy than the remedy afforded by our reversal on the second point, we are compelled to explain the denial of relief.
[2] The district court found that the issue had been preserved for review by an express reservation of the right to appeal even though the defendant had not sought to withdraw the plea, see, Wilson v. State, 645 So.2d 1042 (Fla. 4th DCA 1994), but this may have been correct given the district court's view that the error resulted in an illegal sentence. In any event, the supreme court did not necessarily approve of this method of preservation merely by accepting discretionary jurisdiction to resolve the conflict in the decisions on the merits of the remedy issue.