764 So.2d 655 (2000)
STATE of Florida, Appellant,
v.
Rickey JONES, Appellee.
No. 1D99-569.
District Court of Appeal of Florida, First District.
May 15, 2000.
*656 Robert A. Butterworth, Attorney General and Richard L. Polin, Assistant Attorney General, Office of the Attorney General, Miami, for Appellant.
Louis O. Frost, Jr., Public Defender and Ward L. Metzger, Assistant Public Defender, Jacksonville, for Appellee.
PADOVANO, J.
The state appeals a final order dismissing its petition to declare the respondent, Rickey Jones, a sexually violent predator under the "Jimmy Ryce Act," sections 916.31-916.49, Florida Statutes (Supp. 1998). We reverse with instructions to reinstate the petition. Section 916.33(3) does not require the Department of Children and Family Services to conduct two psychological or psychiatric evaluations of the respondent, as the trial court concluded. This statute merely provides that the multidisciplinary team responsible for the respondent's assessment must include at least two psychiatrists or psychologists. The Department met these requirements in the present case.
While the respondent was in prison serving a sentence for sexual battery, the state evaluated him to determine whether he qualified for an involuntary commitment under the Jimmy Ryce Act. The Department of Children and Family Services assigned a multidisciplinary team to assess the case, and the team ultimately recommended that the respondent be committed. There were two licensed psychologists on the multidisciplinary team, but neither of them met with the respondent. The team based its recommendation on the respondent's records and the clinical findings of Dr. Al Waldman, a psychiatrist selected by the Department to interview the respondent and provide a report. Dr. Waldman concluded that the respondent "has an anti-social personality disorder" and that he "manifests numerous risk factors for repeated violence."
Acting on the recommendation by the multidisciplinary team, the state filed a petition to declare the respondent a sexually violent predator. Dr. Waldman attended the probable cause hearing on the petition and testified that the respondent met the criteria for involuntary commitment. Additionally, the state offered in evidence the written report by the multidisciplinary team. Because the state had not conducted two clinical evaluations of the respondent, however, the trial court found that it had failed to establish the predicate required by section 916.33(3), Florida Statutes (Supp.1998). The state argued that it had complied with the statutory requirements by presenting the written assessment of a multidisciplinary team that included two licensed psychologists, but the trial court disagreed. The trial court rendered a final order dismissing the petition, and the state then filed this appeal to seek review of the order.
The argument for reversal is that section 916.33(3) does not require the psychologists or psychiatrists on the multidisciplinary team to conduct their own clinical evaluations of the respondent. Relying on the literal wording of the statute, the state contends that the Department is merely required to include two psychiatrists or psychologists on the multidisciplinary team. In contrast, the respondent argues that because the statute requires the multidisciplinary team to make an "assessment" of the respondent, it implicitly *657 requires the team psychologists or psychiatrists to make their own clinical evaluations. The disposition of this appeal then, turns on the proper interpretation of the statute.
We begin with the fundamental rule that a court must give effect to the plain language of a statute and may resort to extrinsic aides to statutory construction only if the statute is ambiguous. See Holly v. Auld, 450 So.2d 217 (Fla.1984); Rhodes v. State, 704 So.2d 1080 (Fla. 1st DCA 1997). The language of the statute at issue here is not ambiguous. According to the statute:
The Secretary of Children and Family Services shall establish a multidisciplinary team, which shall include two licensed psychiatrists or psychologists, or one licensed psychiatrist and one licensed psychologist, designated by the Secretary of Children and Family Services. The Attorney General's Office shall serve as legal counsel to the multidisciplinary team. The team, within 45 days after receiving notice, shall assess whether the person meets the definition of a sexually violent predator and provide the state attorney with its written assessment and recommendation.
§ 916.33(3), Florida Statutes (Supp., 1998).[1] By its terms, this statute requires the Department to establish a multidisciplinary team that "includes" two psychologists or psychiatrists, or one of each. The statute does not require, or even suggest, that the team members must conduct at least two independent clinical evaluations of the respondent.
Section 916.33(3) ensures that a decision to recommend involuntary commitment will be made by a panel of experts who have reviewed all of the pertinent information about the respondent. This does not mean, however, that each panel member must acquire firsthand information. To the contrary, the members of the multidisciplinary team may obtain relevant information from a variety of sources, including the records of the predicate offense, the respondent's institutional record, and clinical evaluations by other mental health professionals. It is likely in every case that the panel will consider information originally obtained by others. The design of the statute is to create a reviewing panel, not a collection of individual investigators.
The composition of the multidisciplinary team in the present case met all of the requirements of section 916.33(3), Florida Statutes (Supp.1998). Included among the members of the team were two psychologists, Dr. Stimel and Dr. Cook. Neither of these psychologists interviewed the respondent, but as we have explained, that is not required under the terms of the statute. It was enough that the team considered the records in the respondent's case, including the recent clinical evaluation by Dr. Waldman, a licensed psychiatrist.
For these reasons, we conclude that the trial court erred in dismissing the state's petition. The final order is reversed with instructions to reinstate the petition.
Reversed.
BARFIELD, C.J., and VAN NORTWICK, J., CONCUR.
NOTES
[1] The statute was renumbered and amended as section 394.913(3), Florida Statutes (1999). Although our decision in this case is based on the language of the 1998 version of the statute, we note that the 1999 revision expressly states that members of the multidisciplinary team are not required to conduct a clinical evaluation of the respondent as a matter of course.