PETERSON, J.
Venson Blocker appeals the denial of his motion to withdraw his plea of no contest. He contends that he did not enter his plea voluntarily and that he was coerced to enter it by his attorney. He also appeals the denial of his Florida Rule of Criminal Procedure 3.800 motion to correct a sentence in excess of the statutory maximum.
The State concedes that the sentence of 13 years imposed in case number 99-13405 for each of the counts I, II, and III, exceeds the ten year maximum prescribed by section 775.084(4)(a), Florida Statutes (1999). Accordingly, we vacate the sentences and remand for resentencing within the statutory maximum. We also note that the State nolle prossed count III in case number 99-12219, yet a judgment and sentence was imposed for that count which we now vacate. Additionally, we note the absence of a written judgment and sentence for count V in case number 99-13405 although an oral pronouncement appears in the record. We remand for resolution of that conflict.
We affirm the trial court’s denial of Blocker’s motion to withdraw his plea and agree with the trial court that Blocker’s plea was voluntary and not coerced by his attorney. Blocker’s complaint that the trial court failed to advise him of the consequences of habitualization was raised for the first time in this appeal and was not preserved by a timely motion before the trial court. See Rhodes v. State, 704 So.2d 1080, 1081 (Fla. 1st DCA 1997); Robinson v. State, 373 So.2d 898 (Fla.1979).
We affirm the judgments, sentences, and order denying the Rule 3.800 motion except as to the sentencing errors discussed, infra, and remand for correction.
AFFIRMED in part; REVERSED in part; REMANDED.
PLEUS and ORFINGER, R.B., JJ., concur.