THREADGILL, Acting Chief Judge.
The appellant challenges judgments and sentences for operating a chop shop, in violation of section 812.16(2), Florida Statutes (1997), and grand theft, in violation of section 812.014(2)(a), Florida Statutes (1997). He claims the trial court erred in denying his motion for mistrial after a juror presented unauthorized copies of unrelated statutes for discussion during deliberations. He also claims the trial court erred in sentencing him as a habitual felony offender without requiring the State to prove he was the person reflected in the prior convictions. We affirm the judgments but vacate the sentences and remand for further proceedings.
After examining the record, we are convinced that there is no reasonable possibility the unauthorized materials that were present in the jury room affected the verdict. Thus, the trial court did not abuse its discretion in denying the appellant’s motions for mistrial and new trial. See Stewart v. State, 664 So.2d 1058 (Fla. 2d DCA 1995).
The appellant also challenges the habitual felony offender sentences imposed on both counts. The State presented certified copies of judgments for the predicate felonies. At the sentencing hearing, the appellant objected that the State had failed to prove he was the person reflected on the judgments for those predicate felonies. Despite this objection, the State failed to present any evidence to identify the appellant as the person to whom the prior convictions applied. We therefore vacate the habitual felony offender sentences and remand for resentencing. On remand, the trial court may again sentence the appellant as a habitual felony offender if the State establishes his identity as the person named in the predicate judgments of conviction. See Brown v. State, 701 So.2d 410 (Fla. 1st DCA 1997).
Judgments affirmed; sentences vacated and remanded.
PARKER and SILBERMAN, JJ., Concur.