807 So.2d 746 (2002)
Gregory CAMERON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-1693.
District Court of Appeal of Florida, Fourth District.
February 13, 2002.
Carey Haughwout, Public Defender, and Benjamin W. Maserang, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Meredith L. Balo, Assistant Attorney General, Fort Lauderdale, for appellee.
POLEN, C.J.
Gregory Cameron appeals his convictions of burglary of a dwelling, third degree aggravated fleeing and eluding, and petty theft. Cameron was adjudicated a Violent Career Criminal ("VCC") on the burglary count, receiving a sentence of forty years in prison. He was also adjudicated an Habitual Felony Offender ("HFO") on the fleeing and eluding count, receiving a ten year sentence to run concurrently. We affirm his conviction, yet reverse his sentence where the state failed to present adequate proof to impose habitual sentencing.
The underlying incidents for which Cameron was sentenced occurred on September 21, 1999. March 29, 2000, the jury entered a verdict of guilty on three counts. Sentencing was deferred to May 5, 2000[1], since the state had given notice of its intent to have Cameron habitualized as *747 either a VCC or HFO. § 775.084, Fla. Stat. (1999)
The trial court may impose an habitual felony offender sentence, if it finds that:
1. The defendant has previously been convicted of any combination of two or more felonies in this state or other qualified offenses.
[and]
2. The felony for which the defendant is to be sentenced was committed:
a. While the defendant was serving a prison sentence or other sentence, or court-ordered or lawfully imposed supervision that is imposed as a result of a prior conviction for a felony or other qualified offense; or
b. Within 5 years of the date of the conviction of the defendant's last prior felony or other qualified offense, or within 5 years of the defendant's release from a prison sentence, probation, community control, control release, conditional release, parole or court-ordered or lawfully imposed supervision or other sentence that is imposed as a result of a prior conviction for a felony or other qualified offense, whichever is later. § 775.084(1)(a)[2], Fla. Stat. (1999).
Accordingly, the state must provide record evidence of the date of the current felony offense, the date of the conviction of the last prior felony, and the date the defendant was released from any prison term or supervision imposed for the last conviction. § 775.084(3)(a)(3), Fla. Stat. (1999); Boyd v. State, 776 So.2d 317, 318 (Fla. 4th DCA 2001).
The undisputed evidence established Cameron's last prior felony, battery on a law enforcement officer, had occurred in June of 1990, well outside the five-year window. Further, Florida Department of Corrections records entered into evidence established Cameron's last release date, for the 1990 conviction, had been June 7, 1994, also outside the five-year window. Yet, the state orally asserted Cameron had been on conditional release (on the 1990 charge) until July 15, 1998. Defense counsel objected to habitualization, contending there was no evidence establishing a release date for Cameron after June 7, 1994.
On appeal, the state concedes the prosecutor's unsubstantiated comments that Cameron had been on conditional release through 1998 do not constitute sufficient record evidence, and acknowledges his habitual sentences should be reversed. Cameron argues this court should direct the entry of a guidelines sentence on remand, since the state failed to present sufficient record evidence establishing grounds for habitualization. On the other hand, the state argues it should be allowed to introduce (new) evidence establishing proper grounds for habitualization upon remand where the trial court will have the discretion to resentence Cameron as a habitual offender.
We have held a resentencing following reversal is a new proceeding. See Altman v. State, 756 So.2d 148 (Fla. 4th DCA 2000). Accordingly, the state will be provided the opportunity to introduce sufficient record evidence establishing the grounds for habitualization as dictated by Boyd. Upon remand the trial court will once again have the discretion to sentence Cameron as an HFO upon proper proof *748 and findings of fact. See Montgomery v. State, 770 So.2d 236 (Fla. 4th DCA 2000).
We find Cameron's other points on appeal unpersuasive, and reverse solely on the aforementioned grounds.
REVERSED and REMANDED
KLEIN and STEVENSON, JJ., concur.
NOTES
[1] Sentencing in Cameron's companion case, case number 4D01-144, occurred on December 8, 2000. Cameron's appeal of that sentence is also before this court. We address that sentence in a separate opinion, which is being released simultaneously with this opinion.
[2] The requirements for sentencing as a Violent Career Criminal are slightly more stringent (e.g., three or more prior convictions). § 775.084(1)(d), Fla. Stat. (1999). Because we do not believe the record evidence supports a HFO sentence, we need not specifically address the VCC sentence.