825 So.2d 500 (2002)
Walter RIVERA, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-1603.
District Court of Appeal of Florida, Second District.
September 4, 2002.
*501 James Marion Moorman, Public Defender, and James T. Miller, Special Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Deborah F. Hogge, Assistant Attorney General, Tampa, for Appellee.
BLUE, Chief Judge.
Walter Rivera appeals his convictions for possession and delivery of cocaine resulting from a jury finding that he sold one cocaine rock to an undercover officer. He also appeals his thirty-year habitual felony offender sentence for the delivery of cocaine. We affirm both convictions and the sentence imposed for possession of cocaine, but reverse and remand the sentence imposed on the delivery count.
The State noticed Rivera as a habitual felony offender several months before his trial. At the sentencing hearing, the State filed certified copies of numerous judgments and sentences dating from 1983 to 1993, which the State claimed to be Rivera's prior record. None of these certified judgments identify "Walter Rivera" as the defendant. Most of the judgments identify the defendant as "Walter Revear," "Walter Revere," or "Walter Reveer." Some of the judgments include a "Jr." after the name. One of the convictions lists the defendant as "Kenny Buie." The quality of some of the certified copies is poor. Rivera's attorney objected and correctly maintained that the State must prove that the convictions were in fact Rivera's convictions. The trial court noted the objection and proceeded to sentence Rivera as a habitual felony offender to thirty years' incarceration without affirmative evidence of his identity as the person previously convicted of the predicate offenses.
It is the State's responsibility to prove that the defendant qualifies for sentencing as a habitual felony offender. In this case the State failed to offer the proper proof that Rivera qualified as a habitual felony offender. A fingerprint expert or some other supporting evidence was required to connect the earlier judgments to Rivera. The State did not argue in the trial court that it had sufficiently proven the prior offenses or offer additional proof.
Under the facts of this case, we conclude that the State's failure to prove the existence of the predicate offenses requires reversal and resentencing under the guidelines. See Reynolds v. State, 674 So.2d 180 (Fla. 2d DCA 1996).
Accordingly, we affirm Rivera's convictions and his sentence for possession, but we reverse his habitual felony offender *502 sentence for delivery of cocaine and remand for resentencing within the guidelines.
Affirmed in part, reversed in part, and remanded.
WHATLEY and KELLY, JJ., Concur.