830 So.2d 244 (2002)
Levon WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-1832.
District Court of Appeal of Florida, Fourth District.
November 13, 2002.
Carey Haughwout, Public Defender, and James W. McIntire, Assistant Public Defender, West Palm Beach, for appellant.
Richard E. Doran, Attorney General, Tallahassee, and Donna L. Eng, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
We reverse Wilson's sentence as a habitual felony offender and remand for re-sentencing. In all other respects, Wilson's conviction for delivery of cocaine within one thousand feet of a school is affirmed.
The state concedes that the case should be remanded for re-sentencing because of its failure to provide sufficient evidence of Wilson's prior convictions to support its claim that he qualified for habitual felony offender status. This evidence became necessary when defense counsel announced that Wilson was exercising his right to dispute the alleged convictions. In an attempt to prove that Wilson actually was convicted previously, the state presented two certified copies of previous convictions *245 and informed the court that the fingerprint analysis had positively identified the fingerprints as Wilson's. However, no witnesses were called to authenticate the fingerprints and defense counsel objected based on an improper foundation.
When the defendant challenges the accuracy of his prior record, both on hearsay grounds and accuracy of the information, the state is required to provide corroborating evidence establishing both the historical fact of the predicate convictions and the identity of the appellant as the person named in those judgments of conviction. Moment v. State, 773 So.2d 577 (Fla. 4th DCA 2000); Brown v. State, 701 So.2d 410 (Fla. 1st DCA 1997). Therefore, the state's failure to provide authenticated fingerprint analysis to prove that the person named in the certified convictions was Wilson is reversible error.
Upon re-sentencing, Wilson may again be sentenced as a habitual felony offender if the state can establish both the historical fact of the predicate convictions and the identity of the appellant as the person named in those judgments of conviction. See Brown, 701 So.2d at 410.
HAZOURI and MAY, JJ., concur.