835 So.2d 1281 (2003)
Katoya L. WALLACE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-3133.
District Court of Appeal of Florida, Second District.
February 7, 2003.
*1282 James Marion Moorman, Public Defender, and John C. Fisher, Assistant Public Defender, Bartow, for Appellant.
Charlie Crist, Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
COVINGTON, Judge.
Katoya L. Wallace is appealing his sentence as a habitual felony offender. Wallace raises two issues in this appeal. First, Wallace argues that the trial court erred when it did not sentence him according to the negotiated plea agreement. However, Wallace did not raise this issue in a timely filed motion to withdraw his plea. Thus, we decline to address the merits of this claim. Williams v. State, 821 So.2d 1267, 1268-69 (Fla. 2d DCA 2002). Wallace next submits that his sentence as a habitual felony offender was improper because the State did not provide a certified copy of one of his prior convictions. Because we agree that the State did not provide the necessary documents to support habitualization, we reverse and remand.
"It is the State's responsibility to prove that the defendant qualifies for sentencing as a habitual felony offender." Rivera v. State, 825 So.2d 500 (Fla. 2d DCA 2002). Application of the habitual felony offender statute requires the State to provide the court with: "(1) the date of the current felony offense, (2) the date of the conviction for the last prior felony, and (3) the date that the defendant was released from prison imposed for the last felony conviction." Lowenthal v. State, 699 So.2d 319, 320 (Fla. 2d DCA 1997) (citing Reynolds v. State, 674 So.2d 180, 180 (Fla. 2d DCA 1996)).
Here, defense counsel objected during the sentencing proceeding and advised the trial court that the State was *1283 required to produce certified copies of all judgments and sentences. Although the record before the trial court contained proof of the initial qualifying conviction, it did not contain a certified copy of the conviction for the second felony offense. The State concedes that it did not produce the necessary documents to support a habitual felony offender sentence.
Accordingly, we reverse and remand for the trial court to sentence Wallace within the sentencing guidelines. See Reynolds; Rivera.
Reversed and remanded.
NORTHCUTT and KELLY, JJ., Concur.