893 So.2d 592 (2004)
Ransom Louis COLLINS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-3655.
District Court of Appeal of Florida, Second District.
December 22, 2004.
*593 James Marion Moorman, Public Defender, and Tosha Cohen, Assistant Public Defender, Bartow, for Appellant.
Ransom Collins, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee; Robert J. Krauss, Chief Assistant Attorney General; and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
CANADY, Judge.
In this Anders[1] appeal, Ransom Louis Collins challenges a habitual felony offender sentence imposed after he entered an open no contest plea to the charge of robbery. Because we conclude that the evidence presented by the State at sentencing was insufficient to demonstrate that Collins's prior convictions were sentenced separately as required by the habitual felony offender statute, we reverse.
Collins's appellate counsel initially filed a brief stating that no meritorious appealable issues were presented by his case. Collins, in a pro se brief, contended that his habitual felony offender sentence was unlawful because the evidence presented by the State at sentencing was insufficient to demonstrate that his prior convictions met the requirements of section 775.084(5), Florida Statutes (2001), which provides that "[i]n order to be counted as a prior felony for purposes of [habitual offender] sentencing ... the felony must have resulted in a conviction sentenced separately prior to the current offense and sentenced separately from any other felony conviction that is to be counted as a prior felony." Collins acknowledged that the State had proven that he had at least one prior felony conviction but claimed that the State had failed to demonstrate a second separately sentenced felony conviction as required by section 775.084(5).
This court ordered supplemental briefing on this sentencing issue. In its supplemental brief, the State concedes that the documents presented to the trial court failed to preclude the possibility that all of Collins's prior felony offenses were originally sentenced on the same date. Although the record contains evidence that Collins has been convicted of a number of felonies, many of the documents used as evidence of convictions were in fact orders that revoked probation. The orders revoking probation do not disclose when Collins was originally sentenced to probation, only the date of revocation. Taken as a whole, the documents do not preclude the possibility that Collins was originally sentenced for each felony conviction on the same date. The State concedes that where probation was imposed and subsequently revoked with the imposition of a prison sentence, the date of the original imposition of probation is the date that *594 must be used in determining whether the offense was separately sentenced under section 775.084(5). See McCall v. State, 862 So.2d 807 (Fla. 2d DCA 2003). But see Richardson v. State, 884 So.2d 950 (Fla. 4th DCA 2003).
The State requests that we remand this case to permit it an opportunity to produce new evidence that Collins qualifies for a habitual felony offender sentence. In the sentencing proceeding, Collins's counsel specifically objected that the documents offered by the State failed to demonstrate a sufficient number of separately sentenced prior felony convictions. In previous cases, when an appropriate objection to a habitual felony offender sentence was presented in the trial court at sentencing, this court has not afforded the State a second opportunity on remand to demonstrate that the defendant meets the habitual felony offender criteria.[2]See Wallace v. State, 835 So.2d 1281 (Fla. 2d DCA 2003); Rivera v. State, 825 So.2d 500 (Fla. 2d DCA 2002); Reynolds v. State, 674 So.2d 180 (Fla. 2d DCA 1996).[3] Accordingly, we remand for resentencing under the Criminal Punishment Code.
We acknowledge that the position we have adopted on this issue is in conflict with decisions of the First District, the Fourth District, and the Fifth District. See Wilson v. State, 830 So.2d 244 (Fla. 4th DCA 2002); Cameron v. State, 807 So.2d 746 (Fla. 4th DCA 2002); Morss v. State, 795 So.2d 262 (Fla. 5th DCA 2001); Roberts v. State, 776 So.2d 1034 (Fla. 4th DCA 2001); Rhodes v. State, 704 So.2d 1080 (Fla. 1st DCA 1997); Brown v. State, 701 So.2d 410 (Fla. 1st DCA 1997). We therefore certify direct conflict with Wilson, Cameron, Morss, Roberts, Rhodes, and Brown, pursuant to article V, section 3(b)(4), Florida Constitution, and Florida Rule of Appellate Procedure 9.030(a)(2)(A)(vi).
Reversed and remanded for further proceedings; conflict certified.
ALTENBERND and WALLACE, JJ., concur.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); In re Appellate Court Response to Anders Briefs, 581 So.2d 149 (Fla.1991).
[2] We note that a different rule applies where the defendant has failed to make a proper objection during the sentencing proceeding to the basis for the habitual offender sentence. See Bover v. State, 797 So.2d 1246, 1251 (Fla.2001) (holding "that because [defendant] did not object to the habitual offender sentence on the basis that he lacked the requisite prior sequential convictions at the time his habitual offender sentence was imposed, the State should have the opportunity on remand to present record evidence that other prior convictions existed that would satisfy the sequential conviction requirement"); Lloyd v. State, 844 So.2d 713 (Fla. 2d DCA 2003); Davis v. State, 588 So.2d 289 (Fla. 2d DCA 1991).
[3] For reasons that are not clear, the decision of the panel in Thomas v. State, 805 So.2d 989 (Fla. 2d DCA 2001), appears to be at odds with the holding in Reynolds where the court first addressed this issue. Thomas has, however, effectively been superseded by Rivera and Wallace. See Little v. State, 206 So.2d 9 (Fla.1968) (stating that where there is conflict between two decisions of a district court, the "later in point of time" takes precedence as the "decisional law" of the district).