PER CURIAM.
We reverse the order denying the motion of Gregory Monroe to correct illegal sentence under Florida Rule of Criminal 3.800(a). We remand for a new sentencing hearing.
Defendant-appellant Monroe was convicted of theft, aggravated assault, and unlawful possession of a firearm by a convicted felon. There was an oral pronouncement that the defendant was being sentenced as a habitual violent felony offender (“HVFO”).
The State concedes that the defendant does not qualify as an HVFO. Therefore we reverse the order now before us and remand for a new sentencing hearing. At that hearing the trial court will have the option to determine whether the defendant should be sentenced as a habitual felony offender (“HFO”) or under the sentencing guidelines. See Cameron v. State, 807 So.2d 746, 747-48 (Fla. 4th DCA 2002).
There is a dispute between the parties regarding count three. The defendant was charged with possession of a firearm by a violent career criminal (“VCC”) in violation of section 790.235, Florida Statutes (1997). This charge had twice been amended prior to trial. The jury instructions, verdict, and verbal description on the judgment reflect that the charge actually submitted to the jury was possession of a firearm by a convicted felon, which is a violation of section 790.23, Florida Statutes. We therefore conclude that the conviction on count three is for possession of a firearm by a convicted felon, and the statute number on the judgment must be corrected accordingly. We reject the , State’s claim that the defendant was convicted of possession of a firearm by a violent career criminal.
There are a number of discrepancies between the oral pronouncement and the written sentencing orders in the case. This came about because the trial court viewed count three as being a conviction for possession of a firearm by a violent career criminal, and imposed a sentence of forty years with a fifteen year mandatory minimum sentence. See § 790.235(1), Fla. Stat. (1997). . The written sentencing order so states. In sentencing on the other counts, and in response to several ques *618 tions regarding clarification, the court apparently lost sight of the fact that it had already sentenced the defendant on count three, and then orally announced a fifteen-year sentence on count three. When read in context, it is clear that the written sentencing order on count three correctly reflects the court’s oral pronouncement and sentencing intent. As already stated, there must be a new sentencing hearing on this count because the actual offense at conviction was possession of a firearm by a convicted felon, not possession of a firearm by a violent career criminal. Further, as already stated, resentencing is required on counts two and three because the defendant does not qualify as an HVFO.*
Reversed and remanded for a new sentencing hearing consistent herewith.

 Count one, the theft count, can be disregarded because the sentence on that count was to time served.