964 So.2d 886 (2007)
Alexander WALKER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-245.
District Court of Appeal of Florida, Second District.
September 26, 2007.
James Marion Moorman, Public Defender, and Kevin Briggs, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Appellee.
FULMER, Judge.
Alexander Walker appeals his conviction for trafficking in heroin and his sentence of life in prison as a habitual offender. We affirm the conviction without discussion. Because the State did not present sufficient proof of the qualifying prior convictions, we reverse the habitual offender sentence and remand for resentencing under the Criminal Punishment Code.
At the sentencing hearing, the defense counsel objected to the State's documentation of prior convictions to prove habitual offender status, arguing that there was no fingerprint comparison and no identifying marks to show that this defendant was the same person sentenced to the prior offenses. We agree that the State's evidence fell short of establishing the prior convictions. See Rivera v. State, 825 So.2d 500, 501 (Fla. 2d DCA 2002) ("A fingerprint expert or some other supporting evidence was required to connect the earlier judgments to Rivera."); see also Wallace v. State, 835 So.2d 1281 (Fla. 2d DCA 2003) (reversing habitual offender sentence where record did not contain a certified copy of a conviction for the second felony offense).
In Collins v. State, 893 So.2d 592 (Fla. 2d DCA 2004), this court followed Wallace and Rivera but acknowledged conflict with the First, Fourth, and Fifth Districts as to whether the State should be afforded an opportunity on remand to demonstrate that the defendant meets the habitual offender criteria.
In previous cases, when an appropriate objection to a habitual felony offender sentence was presented in the trial court at sentencing, this court has not afforded the State a second opportunity on remand to demonstrate that the defendant meets the habitual felony offender criteria. See Wallace v. State, 835 So.2d 1281 (Fla. 2d DCA 2003); Rivera v. State, 825 So.2d 500 (Fla. 2d DCA 2002); Reynolds v. State, 674 So.2d 180 (Fla. 2d DCA 1996). Accordingly, we remand for resentencing under the Criminal Punishment Code.
We acknowledge that the position we have adopted on this issue is in conflict with decisions of the First District, the Fourth District, and the Fifth District. See Wilson v. State, 830 So.2d 244 (Fla. 4th DCA 2002); Cameron v. State, 807 So.2d 746 (Fla. 4th DCA 2002); Morss v. State, 795 So.2d 262 (Fla. 5th DCA 2001); Roberts v. State, 776 So.2d 1034 (Fla. 4th DCA 2001); Rhodes v. State, 704 So.2d 1080 (Fla. 1st DCA 1997); Brown v. State, 701 So.2d 410 (Fla. 1st DCA 1997). We therefore certify direct conflict with Wilson, Cameron, Morss, Roberts, Rhodes, and Brown, pursuant to article V, section 3(b)(4), Florida Constitution, and Florida Rule of Appellate Procedure 9.030(a)(2)(A)(vi).
893 So.2d at 594 (footnotes omitted).
Because Walker made an appropriate objection to the sentence in the trial court, *887 we remand for resentencing under the Criminal Punishment Code. As we did in Collins, we certify conflict with the First, Fourth, and Fifth Districts.
Affirmed in part, reversed in part, and remanded.
WALLACE, J., Concurs.
VILLANTI, J., Concurs specially.
VILLANTI, Judge, Specially concurring.
If this result were not mandated in this district, I would allow the State a "second chance" to meet its burden to establish the habitual offender criteria, as allowed by our sister districts in Wilson, Cameron, Morss, Roberts, Rhodes, and Brown. On resentencing, a defendant is entitled to a de novo sentencing hearing unless the resentencing is limited in some way, such as to correct clerical or nondiscretionary legal errors. See, e.g., Baldwin v. State, 700 So.2d 95, 96 (Fla. 2d DCA 1997). Therefore, I believe the State should be permitted to present evidence establishing Walker's habitual offender status just as Walker would be permitted to present evidence challenging such status. During a de novo sentencing hearing, "both sides are free to argue or present evidence on whatever factors the law permits a trial court to consider before imposing sentence." Gisi v. State, 948 So.2d 816, 819 (Fla. 2d DCA), review granted, 952 So.2d 1189 (Fla.2007); see also Street v. State, 899 So.2d 440, 441 (Fla. 4th DCA 2005). Thus, in my view, mandating a guidelines sentence on remand here is legally unjustified and serendipitous to Walker.