988 So.2d 6 (2007)
Alexander WALKER, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-4871.
District Court of Appeal of Florida, Second District.
December 21, 2007.
James Marion Moorman, Public Defender, and Jean Marie Henne, Special Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Jonathan P. Hurley, Assistant Attorney General, Tampa, for Appellee.
*7 PER CURIAM.
Alexander Walker, Jr., appeals a judgment for trafficking in heroin and the resulting sentence of life imprisonment as a habitual felony offender. We affirm without further discussion the conviction. However, we reverse the sentence and remand for resentencing within the Criminal Punishment Code guidelines. See § 921.0022, Fla. Stat. (2003). This case is controlled by this court's opinion in Walker v. State, 964 So.2d 886 (Fla. 2d DCA 2007), a case involving the same defendant.[1] The trial court in this case expressly relied upon the evidence presented at the sentencing hearing in the prior case to impose the habitual felony offender sentence now at issue.
As explained in Walker, at sentencing the State presented certified copies of prior convictions to support its contention that Mr. Walker qualified for sentencing as a habitual felony offender. See § 775.084(1)(a), (4)(a), Fla. Stat. (2003). Mr. Walker's name is not particularly unique. In fact, the information recorded his name as "Alexander Walker, Jr." At least one of the judgments proffered by the State involved a defendant with a name other than "Alexander Walker." The State did not present any evidence connecting each of these judgments to Mr. Walker, such as fingerprint comparison testimony, even after Mr. Walker objected that the judgments themselves were insufficient proof that the judgments involved him and therefore permitted sentencing as a habitual felony offender.
As we did in Walker, we reverse the habitual felony offender sentence imposed in this case based upon the same evidence. Because Mr. Walker objected to the sufficiency of this evidence at the original sentencing hearing, on remand Mr. Walker must be sentenced within the guidelines. See Walker, 964 So.2d at 886-87; see also Collins v. State, 893 So.2d 592 (Fla. 2d DCA 2004), review granted, State v. Collins, 929 So.2d 1054 (Fla.2006); Wallace v. State, 835 So.2d 1281 (Fla. 2d DCA 2003); Rivera v. State, 825 So.2d 500 (Fla. 2d DCA 2002); Reynolds v. State, 674 So.2d 180 (Fla. 2d DCA 1996). As we did in both Walker and Collins, we certify that our decision is in direct conflict with the decisions in Wilson v. State, 830 So.2d 244 (Fla. 4th DCA 2002); Cameron v. State, 807 So.2d 746 (Fla. 4th DCA 2002); Morss v. State, 795 So.2d 262 (Fla. 5th DCA 2001); Roberts v. State, 776 So.2d 1034 (Fla. 4th DCA 2001); Rhodes v. State, 704 So.2d 1080 (Fla. 1st DCA 1997); and Brown v. State, 701 So.2d 410 (Fla. 1st DCA 1997). We now add to this list Rich v. State, 814 So.2d 1207 (Fla. 4th DCA 2002).
Affirmed in part, reversed in part, and remanded for resentencing; conflict certified.
VILLANTI and LaROSE, JJ., Concur.
ALTENBERND, J., Concurs specially with an opinion in which VILLANTI and LaROSE, JJ., Concur.
ALTENBERND, Judge, Concurring specially.
I agree that Mr. Walker's conviction should be affirmed. I also agree that under the circumstances the sentence must be reversed because the State did not present the necessary predicate to establish that the prior judgments were in fact *8 judgments of Mr. Walker. As I have previously noted in Lloyd v. State, 844 So.2d 713, 713 (Fla. 2d DCA 2003) (Altenbernd, J., concurring), I disagree that anything other than a de novo sentencing hearing is required on remand. Were we writing on a clean slate, I would follow the First, Fourth, and Fifth Districts in concluding that this evidentiary error does not preclude the State from seeking a habitual felony offender sentence on remand.
There is no doubt that double jeopardy is not implicated in this case because Mr. Walker has successfully sought reversal of the sentence in this appeal. See North Carolina v. Pearce, 395 U.S. 711, 719-21, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); Harris v. State, 645 So.2d 386, 388 (Fla.1994). Generally, courts have held that once a defendant successfully challenges his sentence on appeal and the cause is remanded for resentencing, the resentencing is a "de novo" proceeding, at which either side may present evidence anew regarding the appropriate sentence. See, e.g., Baldwin v. State, 700 So.2d 95, 96 (Fla. 2d DCA 1997); see also Harris, 645 So.2d at 388; Trotter v. State, 825 So.2d 362 (Fla.2002); Davis v. State, 884 So.2d 1058 (Fla. 2d DCA 2004). See also Walker, 964 So.2d at 887 (Villanti, J., concurring).
Our precedent to the contrary in cases such as Walker, Collins, Wallace, Rivera, and Reynolds thus relies not upon the usual principles applied in criminal cases, but instead upon a premise generally applied in a civil contextthat a litigant should not be provided a "second bite at the apple" to present evidence he or she previously neglected to present despite having sufficient opportunity to do so. See, e.g., Carlough v. Nationwide Mut. Fire Ins. Co., 609 So.2d 770, 771-72 (Fla. 2d DCA 1992). This explains our court's decision to distinguish between those cases in which a proper objection was lodged, in which we prohibit resentencing as a habitual felony offender, and those cases in which no objection was made, in which we permit the State to again seek enhanced sentencing. See, e.g., Davis v. State, 588 So.2d 289 (Fla. 2d DCA 1991); Frazier v. State, 595 So.2d 131 (Fla. 2d DCA 1992). Although this premise might have some appeal to principles of fairness in the civil context, I am not comfortable applying it in the criminal sentencing context. Criminal sentencing laws have evolved in a different context, in part because of the interplay between the interests of society and the interests of the defendant in such proceedings.
I am aware of only two other circumstances in which the authority of the sentencing court has been restricted upon remand after reversal of a sentence on appeal. In Justice v. State, 674 So.2d 123 (Fla.1996), the Florida Supreme Court held that once a written sentence was reversed because it included special conditions of probation that were not orally announced at sentencing, the special conditions must be stricken and could not be reimposed at a resentencing. Because Florida law considers the orally pronounced sentence controlling, the reasoning in Justice is more squarely rooted in concerns regarding double jeopardy. See, e.g., Delemos v. State, 969 So.2d 544 (Fla. 2d DCA 2007).
In Pope v. State, 561 So.2d 554 (Fla. 1990), the Florida Supreme Court considered a case in which the trial court announced valid reasons for an upward departure sentence at sentencing, but failed to provide written reasons for the departure contemporaneous with the written sentence as required by Florida Rule of Criminal Procedure 3.701(d)(11). The supreme court noted that the district court "correctly vacated the sentence due to the trial court's failure to provide written reasons." *9 Id. at 555. However, the court reversed that portion of the district court's opinion that permitted the trial court an opportunity to provide written reasons and reimpose the upward departure sentence on remand. Id. Rather, the supreme court held that the trial court was compelled to resentence the defendant within the guidelines. Id. at 556; see also Owens v. State, 598 So.2d 64 (Fla.1992); Jones v. State, 639 So.2d 28 (Fla.1994) (holding same rule applied and required resentencing within the guidelines when trial judge failed to supply written reasons for downward departure), receded from in Pease v. State, 712 So.2d 374 (Fla.1997). These holdings rested not on concerns of double jeopardy but on public policy reasons deemed appropriate to promote effective and efficient appellate review. Pope, 561 So.2d at 556. These public policy reasons, however, did not convince everyone that a restricted resentencing was appropriate. State v. Colbert, 660 So.2d 701, 702-03 (Fla.1995) (Wells, J., concurring).
The legislature remedied a portion of the problem created by Pope when it enacted the 1994 sentencing guidelines. See ch. 93-406, Laws of Fla. Section 13 of chapter 93-406 created section 921.0016, Florida Statutes (Supp.2004), which provided a trial court leeway to impose sentences within twenty-five percent of the recommended guidelines sentence without written reasons and gave a trial court fifteen days from the date of sentencing to file its written reasons when such reasons were required. See § 921.0016(1)(b), (c). Section 921.0016(1)(c) also expressly permitted a written transcript of the reasons provided at a sentencing hearing to serve as the necessary written reasons. The Florida Supreme Court adopted Florida Rule of Criminal Procedure 3.702 to implement this new legislative policy as a procedural rule of court. See Amendments to Florida Rules of Criminal Procedure re Sentencing Guidelines, 628 So.2d 1084 (Fla.1993). Thus at least as of 1994, the legislature had expressed a public policy at odds with the reasoning of Pope, one which relaxed technical procedural requirements in favor of a flexible approach that would permit the imposition of an appropriate sentence.
If Pope and its progeny retained any viability after the enactment of the 1994 sentencing guidelines, that effectively ended with the enactment of the Criminal Appeal Reform Act of 1996 (CARA), chapter 96-248, section 4, Laws of Florida, codified at section 924.051, Florida Statutes (Supp.1996), and the issuance of the Florida Supreme Court's opinion in Maddox v. State, 760 So.2d 89 (Fla.2000). See Weiss v. State, 720 So.2d 1113 (Fla. 3d DCA 1998), affirmed, 761 So.2d 318 (Fla. 2000). In Maddox, the Florida Supreme Court held that the failure to file timely written departure reasons as required by statute or rule was not a "fundamental" sentencing error, in part because the error has no "qualitative effect on the integrity of the sentencing process." 760 So.2d at 108. That is, new procedural rules permitted the defendant an adequate opportunity to challenge the lack of appropriate written reasons in time to permit meaningful review if no valid reasons existed. If valid reasons existed, the failure to reduce them to writing was no longer considered harmful. As the Third District explained in Weiss, CARA effectively "rendered the general harmless error statute ... unequivocally applicable to alleged sentencing miscues" such as the failure to file written reasons for a valid departure sentence. 720 So.2d at 1115.
These two exceptions aside, I am inclined to think that a de novo sentencing hearing is required in any appellate case in which the criminal defendant successfully challenges his habitual felony offender sentence, *10 whether the defendant objected below or not. In addition, I question the dichotomy created in our precedent. The "second bite at the apple" theory necessarily treats the error here as a "failure of proof" or "sufficiency of the evidence" issue rather than an evidentiary issue. That is, in the civil context we prevent the party from seeking relief in an additional evidentiary proceeding only when the party failed to present a sufficient quantum of evidence necessary to overcome something akin to a directed verdict. See, e.g., Carlough, 609 So.2d 770. If instead the trial court committed an error by admitting certain evidence or by limiting the presentation of evidence, we generally reverse the cause based upon that error but remand for a new evidentiary proceeding at which the appropriate evidence may be properly admitted. See, e.g., Elder v. Farulla, 768 So.2d 1152, 1155 (Fla. 2d DCA 2000) (providing "second bite at the apple" because "[t]his is not a situation in which the plaintiff did not come to court prepared to prove her case. Rather, this is a situation in which the trial court's pretrial ruling unfairly limited the plaintiff's ability to present her case.").
Our precedent effectively treats the habitual felony offender sentencing proceeding as one involving two or more "elements" of proof: (1) evidence of prior certified judgments meeting the requirements of the habitual felony offender statute for a certain number of sequential convictions, and (2) evidence that the judgments in fact involved the defendant. If the State fails to present one of these "elements," our precedent basically requires a "directed verdict" against the State for its failure of proof.
I view this process somewhat differently. Certified judgments are generally admissible in evidence under sections 90.902 and 921.241, Florida Statutes (2006), but only if they are relevant to the proceedings. They are subject to an objection as to relevancy if it is not clear that the judgment is one belonging to the defendant then facing an enhanced sentence. If the judgment is admitted into evidence without a factual predicate of relevancy being laid, in my mind that is an error regarding the admissibility of that evidence, not a complete failure of proof. On remand, therefore, the State should be permitted to establish the predicate necessary to properly admit the judgment into evidence and to pursue habitual felony offender sentencing if the judgment is thereafter properly admitted.
I would therefore agree that Mr. Walker's habitual felony offender sentence must be reversed and the case remanded for resentencing. If not restrained by our prior case law, I would require a de novo sentencing hearing at which the State could present any available evidence that Mr. Walker again qualifies for habitual felony offender sentencing. I recognize, however, that this question is conclusively resolved to the contrary in our precedent.
NOTES
[1] The State has sought review of Walker, 964 So.2d 886, in the Florida Supreme Court, and the appeal has been assigned case number SC07-1866. That case has been stayed, however, pending the outcome in Collins v. State, 893 So.2d 592 (Fla. 2d DCA 2004), review granted, State v. Collins, 929 So.2d 1054 (Fla. 2006), which presents a similar issue.