GALLEN, THOMAS M., Associate Senior Judge.
James E. Hargrove appeals his jury conviction on June 28, 2006, for battery on a law enforcement officer and resisting an officer without violence as a lesser included offense. He also appeals his sentence of ten years in prison as a habitual felony offender (HFO) and a concurrent five-year prison term as a prison releasee reoffender (PRR). We affirm the convictions and the sentence as a PRR without comment but reverse and remand the sentence as an HFO.
Section 775.084(l)(a), Florida Statutes (2005), provides that a court may impose an extended term of imprisonment for habitual felony offenders. An HFO is defined, in relevant part, as a defendant who has been convicted of any combination of two or more felonies in this state, and the felony for which he is to be sentenced was committed within five years of the date of the conviction of the last prior felony. The statute requires the State to prove that a defendant qualifies for an enhanced sentence by a preponderance of the evidence.
In this case, the State introduced certified copies of convictions from the Hills-borough County Clerk showing two prior felony convictions, the latest in 2004, well within the five-year .statutory requirement for qualifying as an HFO. Hargrove objected to the evidence stating there was no identity proof because the fingerprint cards accompanying the certified convictions were illegible. The State did not offer a fingerprint expert to attest that the fingerprints, if they had been legible, were those of Hargrove, or otherwise attempt to prove Hargrove had qualifying convictions.
The State concedes that it failed to provide sufficient evidence to support its contention that Hargrove qualified as an HFO. Therefore, we must reverse the enhanced sentence imposed under section 775.084 and remand for resentencing under the Criminal Punishment Code. We follow our decision in Walker v. State, 964 So.2d 886 (Fla. 2d DCA 2007), and Collins v. State, 893 So.2d 592 (Fla. 2d DCA 2004), which denied the State “a second opportunity on remand to demonstrate that the defendant meets the habitual felony offender criteria.” Id. at 594. As we did in both Walker and Collins, we certify that our decision is in direct conflict with the decisions in Wilson v. State, 830 So.2d 244 (Fla. 4th DCA 2002); Cameron v. State, 807 So.2d 746 (Fla. 4th DCA 2002); Morss v. State, 795 So.2d 262 (Fla. 5th DCA 2001); Roberts v. State, 776 So.2d 1034 (Fla. 4th DCA 2001); Rhodes v. State, 704 So.2d 1080 (Fla. 1st DCA 1997); and Brown, v. State, 701 So.2d 410 (Fla. 1st DCA 1997).
Affirmed in part, reversed in part, and remanded for resentencing; conflict certified.
DAVIS, J., Concurs.
ALTENBERND, J., Concurs with opinion.