994 So.2d 973 (2008)
STATE of Florida, Petitioner,
v.
Alexander WALKER, Jr., Respondent.
No. SC07-1866.
Supreme Court of Florida.
September 25, 2008.
Bill McCollum, Attorney General, Tallahassee, FL, and Robert J. Krauss, Assistant Attorney General, Bureau Chief, and Timothy A. Freeland, Assistant Attorney General, Tampa, FL, for Petitioner.
James Marion Moorman, Public Defender, and Kevin Briggs, Assistant Public Defender, Tenth Judicial Circuit, Bartow, FL, for Respondent.
PER CURIAM.
We have for review Walker v. State, 964 So.2d 886 (Fla. 2d DCA 2007), in which the Second District Court of Appeal reversed a habitual offender sentence because the State did not present sufficient proof of the qualifying prior convictions. In remanding for resentencing under the Criminal Punishment Code, the Second District Court in Walker cited as authority its prior decision in Collins v. State, 893 So.2d 592 (Fla. 2d DCA 2004), quashed in part, 985 So.2d 985 (Fla.2008), in holding that the State should not be afforded a second opportunity on remand to demonstrate that the defendant meets the habitual offender criteria. As it had done in Collins, the Second District Court in Walker certified conflict with decisions of the First, Fourth and Fifth District Courts of Appeal as to whether upon remand for resentencing the *974 State may present new evidence on that issue. See Walker, 964 So.2d at 886-87. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
We stayed proceedings in this case pending disposition of Collins. We have since decided Collins, in which we held that "when a habitual offender sentence is reversed because of insufficient evidence, on remand for resentencing the State may again attempt to prove that the defendant meets the criteria for such sentencing." State v. Collins, 985 So.2d 985, 994 (Fla. 2008). In so holding, this Court quashed the Second District Court's underlying Collins decision on this issue and approved the certified conflict cases from the First, Fourth and Fifth District Courts. See id.
We thus issued an order directing Respondent in the present case to show cause why we should not exercise jurisdiction, quash the Second District Court's Walker decision, and remand for reconsideration in light of our decision in Collins. Respondent has filed a response conceding that "[t]his Court's decision in Collins is controlling," and that, as such, "the decision of the district court [in Walker] is without support."
We accordingly grant the petition for review in the present case. The decision under review is quashed and this matter is remanded to the Second District Court for reconsideration upon application of this Court's decision in Collins.
It is so ordered.
WELLS, ANSTEAD, PARIENTE, LEWIS, and BELL, JJ., and CANTERO, Senior Justice, concur.
QUINCE, C.J., dissents.