659 So.2d 478 (1995)
Gordon ALFONSO, Appellant,
v.
STATE of Florida, Appellee.
No. 94-2521.
District Court of Appeal of Florida, Fourth District.
August 23, 1995.
Richard L. Jorandby, Public Defender, and Paul E. Petillo, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Aubin Wade Robinson, Asst. Atty. Gen., West Palm Beach, for appellee.
FARMER, Judge.
Defendant was sentenced to an enhanced habitual felony offender sentence based on two contemporaneous convictions. The state concedes that this was error. See § 775.084(5), Fla. Stat. (1993) (to be counted as prior felony, conviction must have been sentenced separately from any other conviction counted as prior felony). Although the sentencing order recites two other non-contemporaneous convictions, these other convictions were clearly not relied on at the sentencing hearing to support the enhanced HFO sentence. As with most sentencing decisions, we assess the validity of an HFO sentence by what the sentencing judge said when imposing the sentence. See Johnson v. State, 564 So.2d 1174 (Fla. 4th DCA 1990) (sentencing judge need not put required HFO findings in written sentence but must make findings in reported judicial proceeding), rev. denied, 576 So.2d 288 (Fla. 1991); McNeil v. State, 588 So.2d 303 (Fla. 1st DCA 1991) (propriety of HFO sentence determined by transcript of sentencing hearing).
*479 REVERSED AND REMANDED FOR RESENTENCING.
GUNTHER, C.J., and KLEIN, J., concur.