PER CURIAM.
In these consolidated cases, appellant seeks review of concurrent habitual offender sentences entered by the trial court pursuant to no contest pleas. To establish the criteria for habitual offender treatment, the State introduced evidence of prior felony convictions, all of which occurred on September 9, 1992. Appellant now argues that because the predicate convictions were not sequential, the habitual *1181 offender sentences are illegal under section 775.084(5), Florida Statutes (1997). Appellant made no objection to imposition of the sentences before the trial court nor has he moved to withdraw his pleas or correct the sentences.
On the merits, the State does not contest the non-sequentiality of the predicate convictions. Instead, the State urges us to recede from Nelson v. State, in which this court held that illegal sentencing is an error that may be raised for the first time on direct appeal. 719 So.2d 1230 (Fla. 1st DCA 1998). Pursuant to Nelson, we reverse and again certify conflict with Maddox v. State, 708 So.2d 617 (Fla. 5th DCA), review granted, 718 So.2d 169 (Fla.1998).
In case number 98-4591, we vacate the sentence and direct the trial court to resentence appellant. We also vacate the sentence in case number 98-4674. Because that case involved a negotiated plea, the State will have the option on remand to determine whether it wishes to void the plea agreement or simply to seek resen-tencing. See Forshee v. State, 579 So.2d 388 (Fla. 2d DCA 1991).
REVERSED and REMANDED..
BOOTH, KAHN, and BROWNING, JJ., CONCUR.