766 So.2d 1257 (2000)
Leotis SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 5D97-2647.
District Court of Appeal of Florida, Fifth District.
September 29, 2000.
James B. Gibson, Public Defender, and Stephanie H. Park, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann M. Phillips, Assistant Attorney General, Daytona Beach, for Appellee.
COBB, J.
The appellant, Leotis Smith, was erroneously sentenced to life imprisonment as a habitual offender. Smith did not meet the statutory criteria required by section 775.084(1)(a), Florida Statutes (1999). Three felony convictions were relied upon by the sentencing court. Two of those convictions were entered at the same time, and therefore cannot be counted against Smith under the statute. See Prince v. State, 684 So.2d 850 (Fla. 2d DCA 1996); Ford v. State, 652 So.2d 1236 (Fla. 1st DCA 1995); Alfonso v. State, 659 So.2d 478 (Fla. 4th DCA 1995). Moreover, a habitual felony offender sentence cannot be predicated upon an offense or conviction which occurred after the current offense for which the defendant is being sentenced. Rhodes v. State, 704 So.2d 1080 (Fla. 1st DCA 1997). The sentence below was "illegal" as that term has now been defined by the Florida Supreme Court. See Maddox v. State, 760 So.2d 89 (Fla.2000).
Accordingly, we reverse the sentences entered below and remand for resentencing.
REVERSED AND REMANDED.
HARRIS and GRIFFIN, JJ., concur.