798 So.2d 885 (2001)
David W. WAINER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-2754.
District Court of Appeal of Florida, Fourth District.
November 7, 2001.
Carey Haughwout, Public Defender, and Dea Abramschmitt, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and August A. Bonavita, Assistant Attorney General, West Palm Beach, for appellee.
*886 FARMER, J.
In an effort to prove that defendant qualified as a habitual felony offender, the state presented certified copies of prior convictions in ten separate cases. These prior convictions, however, were all entered on the same date in the same sentencing proceeding and therefore do not qualify as sequential prior convictions for habitual felony offender qualification. § 775.084(5), Fla. Stat. (1999); Bover v. State, 797 So.2d 1246 (Fla.2001) (although sentencing for separate convictions arising out of unrelated crimes can take place on same day, sentences cannot be part of same sentencing proceeding to qualify for habitual felony offender sentence); see Ford v. State, 652 So.2d 1236 (Fla. 1st DCA 1995) (habitual offender sentence could not be based on prior convictions entered on same date; sequential convictions were required to support habitual offender status); see also Adkinson v. State, 743 So.2d 1180 (Fla. 1st DCA 1999) (habitual offender sentences were improper where predicate convictions were not sequential).
The fact that defendant's counsel did not object during sentencing and even conceded that he qualified as a habitual felony offender does not save the sentence. Boyd v. State, 776 So.2d 317 (Fla. 4th DCA 2001) (even though defense counsel admitted that defendant qualified as a habitual offender and did not dispute such finding in the presentence investigation report, it was the state's burden to prove certain requirements for defendant to qualify as habitual offender). Further, the error was not cured by the state's later submission of another nonsequential conviction entered on a separate date from the other convictions. The trial court did not rely upon this later conviction at the sentencing hearing during oral pronouncement of sentence. See Alfonso v. State, 659 So.2d 478, 478 (Fla. 4th DCA 1995) (sentence could not be upheld because noncontemporaneous convictions not relied on at the sentencing hearing).
We are therefore required to reverse the sentence and return the case to the trial court for resentencing. On remand the state may again seek sentencing as a habitual felony offender, subject to evidence of satisfactory predicate convictions. Mitchell v. State, 780 So.2d 282 (Fla. 4th DCA 2001).
REVERSED AND REMANDED FOR RESENTENCING.
DELL and HAZOURI, JJ., concur.