842 So.2d 969 (2003)
James WALKER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-4979.
District Court of Appeal of Florida, Fourth District.
April 9, 2003.
*970 James Walker, Bonifay, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant appeals from the summary denial of his motion to vacate or correct illegal sentence. He argues that he was improperly designated as a habitual felony offender because his prior convictions used for such designation did not qualify as sequential convictions as they were all entered on the same day. We agree. See Bover v. State, 797 So.2d 1246, 1250 (Fla. 2001) ("[A]lthough the sentencing for separate convictions arising out of unrelated crimes can take place on the same day, the sentences cannot be part of same sentencing proceeding" in order to be considered "sequential" for purposes of habitualization) (citation omitted); Wainer v. State, 798 So.2d 885, 886 (Fla. 4th DCA 2001).
We reverse the summary denial of appellant's motion and remand for re-sentencing in case numbers 95-13940 CF 10A, 95-15725 CF 10A, and 95-15726 CF 10A. On remand, the state may again seek sentencing as a habitual felony offender, subject to evidence of satisfactory predicate convictions. See Rich v. State, 814 So.2d 1207, 1208 (Fla. 4th DCA 2002); Cameron v. State, 807 So.2d 746, 747 (Fla. 4th DCA 2002); Wainer, 798 So.2d at 885.
POLEN, C.J., STONE and WARNER, JJ., concur.