893 So.2d 653 (2005)
Dean COOK, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-3029.
District Court of Appeal of Florida, Fourth District.
February 16, 2005.
Carey Haughwout, Public Defender, and Alan T. Lipson, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, C.J.
Defendant was convicted of burglary and grand theft. He contends that he was improperly convicted of grand theft because the state failed to introduce competent substantial evidence that the value of the stolen property exceeded $300. § 812.014(2)(c)(1), Fla. Stat. (2003). We disagree and affirm his conviction. See Gilbert v. State, 817 So.2d 980, 982 (Fla. 4th DCA 2002) ("[also] proof may be established through ... original market cost, manner in which the item has been used, its general condition and quality, and the percentage of depreciation since its purchase or construction.").
Defendant also contends that the trial court erred by qualifying him as a violent career criminal because the convictions relied upon by the state were part of the same sentencing proceeding. To be *654 deemed a violent career criminal, a defendant must have at least three qualified prior convictions. § 775.084(1)(d), Fla. Stat. (2002). Section 775.084(5) also requires:
"In order to be counted as a prior felony for purposes of sentencing under this section, the felony must have resulted in a conviction sentenced separately prior to the current offense and sentenced separately from any other felony conviction that is to be counted as a prior felony."
Although the state adduced evidence that defendant had nine previous convictions, it failed to show that they complied with section 775.084(5). In this instance the convictions were entered on two separate dates. See Ford v. State, 814 So.2d 1121, 1122 (Fla. 4th DCA 2002) (holding three previous convictions insufficient because "there were two different dates of adjudication"); Wainer v. State, 798 So.2d 885, 886 (Fla. 4th DCA 2001) (10 prior convictions "entered on the same date in the same sentencing proceeding ... [unqualified] as sequential prior convictions for habitual felony offender qualification."). Because the State failed to offer evidence that the convictions submitted involved at least three separate offenses, the sentence must be reversed and remanded for resentencing. Wainer, 798 So.2d at 886; Mitchell v. State, 780 So.2d 282, 283 (Fla. 4th DCA 2001).
SHAHOOD and TAYLOR, JJ., concur.