PER CURIAM.
Jeffrey S. Mincey appeals from the summary denial of his motion to correct illegal sentence. He argues that he was improperly designated as a habitual felony offender because his prior convictions used for such designation did not qualify as sequential convictions as they were all entered on the same day. See Bover v. State, 797 So.2d 1246, 1250 (Fla.2001) (“[AJlthough the sentencing for separate convictions arising out of unrelated crimes can take place on the same day, the sentences cannot be part of same sentencing proceeding” in order to be considered “sequential” for purposes of habitualization) (citation omitted); Walker v. State, 842 So.2d 969 (Fla. 4th DCA 2003); Warner v. State, 798 So.2d 885, 886 (Fla. 4th DCA 2001).
We reverse the summary denial of Min-cey’s motion and remand for re-sentencing. We note the state’s reference to a 1989 “sentence” of probation, see State v. Richardson, 915 So.2d 86 (Fla.2005), but see no supporting documents associated with that predicate. On remand, the state may again seek sentencing as a habitual felony offender, subject to evidence of satisfactory predicate convictions. See Rich v. State, 814 So.2d 1207, 1208 (Fla. 4th DCA 2002); Cameron v. State, 807 So.2d 746, 747 (Fla. 4th DCA 2002); Wainer, 798 So.2d at 885.
SHAHOOD, C.J., POLEN and KLEIN, JJ., concur.