WARNER, J.
Collie Singleton filed a petition for writ of habeas corpus for ineffective assistance of appellate counsel claiming that his current habitual offender sentence should have been challenged on appeal, because the trial court used predicate convictions that the original sentencing judge had not relied on to habitualize petitioner. We deny the petition.
When considering a challenge to appellate counsel’s effectiveness, the petitioner must show that the alleged error is of such magnitude as to constitute a serious error or deficiency in performance which compromised the appellate process to such a degree as to undermine confidence in the correctness of the result. Ponticelli v. State, 941 So.2d 1073, 1106 (Fla.2006). Because the record reflects that petitioner had qualifying convictions for habitual offender sentencing, which were relied on by the trial court, no prejudice has been shown.
Although the same convictions may not have been used by the original sentencing judge as qualifiers for a habitual violent offender sentence, this did not prevent the use of those convictions to prove habitual felony offender status upon resentencing. See Wainer v. State, 798 So.2d 885 (Fla. 4th DCA 2001) (in resentencing after reversal of habitual offender sentence, state could again seek sentencing as a habitual felony offender, subject to evidence of satisfactory predictate convictions).
Petitioner misreads Alfonso v. State, 659 So.2d 478 (Fla. 4th DCA 1995). There, we reversed a habitual offender sentence where the trial court in sentencing the defendant relied on two contemporaneous convictions, which the state conceded was error. We noted that the sentencing order supplied other convictions, but the sentence must be reviewed based upon the oral pronouncement, not what the sentencing order stated. That is simply an acknowledgment that the oral pronouncement of sentence prevails over the written order. Thus, if the trial court did not use the specific convictions at sentencing, we could not affirm on a “right for the wrong reasons analysis.” We did not proclaim that the state may not use other convictions not relied upon at the original sentencing upon resentencing, and we simply *816 reversed and remanded for resentencing. Alfonso is distinguishable from this case.
For these reasons, we deny the petition.
SHAHOOD, C.J., WARNER and STEVENSON, JJ., concur.